### JASIONOWSKI v. INDUSTRIAL COMM.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1862. Decided May 23, 1927.

465. ERROR—Charge to Jury—Where requested charge is correct but was submitted after argument, court is not bound to give it in the precise language asked; and where the requested charge is covered in the general charge of the court which properly states the law, no prejudicial error for refusing to give requested charge.

1283. WORKMEN'S COMPENSATION—In action against Industrial Commission to recover compensation for death, it is unnecessary to show dependency in order to entitle plaintiff to recover for such items as medical, nurse, hospital service and reasonable funeral expenses.

First Publication of this Opinion

RICHARDS, J.

This case having been tried for the third time, resulted in a verdict for the Commission in the Lucas Common Pleas. Upon prosecution of error it was urged that the court committed prejudicial error in refusing to give a requested charge of plaintiff. The Court of Appeals held:—

1. The request submitted was correct, but having been requested after argument, the court was not bound to give it in the precise language asked.

2. The charge which was given, in effect directed the jury to find for plaintiff if it found that she was injured in the course of her employment under the circumstances claimed, and further found that she left persons who were partly dependent on her. Because this charge properly states the law covered by the request, no prejudicial error was committed by the court in refusing to give the requested instruction.

3. By virtue of 1465-82 and 1465-89 GC., a recovery for medical, nurse and hospital services, and medicine and reasonable funeral expenses, could be had if plaintiff was injured in the course of her employment; and that was the only issue involved so far as such claims are concerned, for recovery of these items may be had regardless of whether there are dependants, providing only that deceased was injured in the course of her employment.

4. Notwithstanding the fact, the language of the court's charge on that question amounted to a direction that the jury return a verdict for defendant unless it found that plaintiff left persons partly dependent on her earnings. In so charging, the court erred to the prejudice of plaintiff.

5. Because the record is free from error both of fact and law on the right of the plaintiff to recover for benefits, that portion of the judgment will be affirmed. By reason of the error relating to the recovery for funeral expenses, medical services, etc., that portion of the judgment will be reversed and the cause remanded for a new trial.

Judgment accordingly.

Williams & Lloyd, JJ. concur.

Attorneys—James H. Boyd, Toledo for Jasionowski; Edward C. Turner, Atty. Gen., Columbus, George W. Ritter and Gerald Branigan, Toledo, for Commission.

Note:—Prior decisions in cases between these parties will be found in 4 Abs. 530 and 5 Abs. 151.