When a grantee takes title to property which is subject to a mortgage and assumes and agrees to pay that incumbrance, that assumption is one of the reasons why the conveyance is made to him, and it is a contract with his grantor not only for the benefit of the grantor but for the benefit of the mortgagee who, as a third party for whose benefit the mortgage was made, may insist upon the grantee carrying out his promise to satisfy the note and mortgage. We agree with the authorities which so hold.

The demurrer is overruled.

Common Pleas Court of Hamilton County.

FRANCES PUTTMAN V. THE INDUSTRIAL COMMISSION OF OHIO.

Decided May 7, 1931.

*John A. Scanlon,* for plaintiff.

*Gilbert Bettman,* Attorney General, *R. R. Zurmehly,* and *Raymond J. Kunkel,* for defendant.

ALFRED MACK, J.

Plaintiff alleges that she is the sister of Joseph A. Maes, deceased, who was employed by The Stacey Manufacturing Company; that while so employed said decedent received an injury in the course of his employment as a result of which he died February 18th, 1929.

Plaintiff further alleges she paid the reasonable value of the necessary funeral expenses of said decedent and seeks payment thereof under Section 1465-89 of the General Code of Ohio.

Plaintiff further alleges she made application to the Industrial Commission for the payment of said claim on March 4th, 1929; that the same was heard and that on June 28th, was disallowed on the ground that the proof did not show that the decedent's death was the result of an injury he received in the course of his employment; that application for rehearing was filed on July 17th, and the case set for rehearing before a referee on November 17th, at which time plaintiff offered testimony as to decedent being injured in the course of his employment and dying as the result of said injuries, and that the funeral expenses were paid by plaintiff in the reasonable value thereof.

It is alleged that defendant moved to strike from the files the preliminary application; first notice of death; original application and application for rehearing, which motion was sustained by the referee over the exception of plaintiff; that on January 19th, 1931, defendant overruled the exception of plaintiff and allowed and sustained the ruling of the referee, defendant holding "the application for rehearing filed herein by Mrs. Frances Puttman be dismissed." It is alleged that notice of said ruling was received by plaintiff's attorney on January 22nd, 1931, and the petition gives the number of the claim on the docket of defendant, states plaintiff was and is a resident of Hamilton county, Ohio; prays that the funeral expenses "advanced and paid by her be allowed together with reasonable attorney fees and costs."

To such petition defendant demurs on the ground that this court has no jurisdiction on the subject matter, and that the allegations of the petition are not sufficient to constitute a cause of action.

As to the first ground of the demurrer, it is argued that plaintiff does not state she was a dependent of deceased, that the rules adopted by the Industrial Commission provide that claims where there are no dependents shall be filed by "the employer, physician or undertaker," and that plaintiff is either a volunteer or presents her claim as a creditor, contrary to the provisions of Section 1465-88, General Code.

.A careful consideration of General Code, Title 3, Division 2, Chapter 28 b, "Relating to the Industrial Commission" shows that there are three classes of claims provided for, viz:

Claim by the injured employee for compensation;

Claim by dependents for death of the injured employee as a result of accident received in the course of an employment;

Claim for medical, nurse and hospital services and medicines, and reasonable funeral expenses not to exceed $150.00.

Section 1465-82, General Code, provides:

"That in case the injury causes death within two years, the benefits shall be payable in the amount and to the persons following; the first of which provision is:

"1.   If there be no dependents, the disbursements from the state insurance fund shall be limited to the expenses provided for in section forty-two hereof."

As originally enacted 103 Ohio Laws, page 86, said Section 1465-82 was Section 35 of the act; Section 42 of the act as appears in 103 Ohio Laws at page 88 is Section 1465-89, General Code.

Said Section 1465-89, General Code, expressly provides as follows:

"*   *   *   in case death ensues from the injury, reasonable funeral expenses shall be disbursed and paid from the fund in an amount not to exceed the sum of one hundred and fifty dollars."

It is thus plainly apparent from the provisions of the law that the payment of reasonable funeral expenses not to exceed one hundred and fifty dollars is not founded upon there being any dependent of the deceased employee.

It is the manifest intention of the law that where the death of an employee is the result of injury sustained in the course of his employment, the funeral expenses of said decedent not to exceed one hundred and fifty dollars shall be paid. The law evidently is not concerned as to who makes such claim or advances such funeral expenses, but intends that such deceased employee shall be buried at an expense not exceeding one hundred and fifty dollars, to be borne by the state fund. If authority is necessary to support the foregoing, it will be found in *Jasionowski* v. *Industrial Commission,* 25 Ohio App., 319. A motion to certify the record in this case was overruled by the Supreme Court on February 1st, 1927. As has been expressly ruled, this court takes judicial notice of the rules of the Industrial Commission of Ohio. *Industrial Commission* v. *Collela,* 17 Ohio App, 301, 305; *Industrial Commission* v. *Link,* 34 Ohio App. 174, 181.

While it is true that Rule 8, of the Industrial Commission provides "where there are no dependents, such claims must be made by the employer, physician or undertaker," nevertheless, in the opinion of the court, no rule can be adopted by the Industrial Commission which is contrary to or in conflict with the express provisions of the law.

In the early history of the enforcement of the Industrial Commission Law the board was called the State Liability Board of Award, and the Supreme Court of Ohio in those early days took occasion to point out that the Board while it had authority to adopt reasonable and proper rules to govern the procedure and to regulate the kind and character of notices, nevertheless, was not authorized to act contrary to the law. Under such ruling it was held that the Board was not authorized to say that an application is not an application. See *Zilch* v. *Bomgardner,* 91 Ohio St., 205, 209.

It logically follows, in the opinion of the court, that the Industrial Commission, under its authority to make rules and prescribe forms, is not authorized to provide

that nobody except an employer, physician or undertaker can file a claim where there are no dependents, and where claims are allowed in the event there are no dependents.

Section 1465-88, General Code, does not bear upon the instant case. That provision exempts from the claim of creditors and from attachment or execution, all compensation awarded to employes or their dependents. It is not purposed by this proceeding to take any compensation or benefits from an employee or his dependents. The petition seeks to recover funeral expenses paid by plaintiff herself.

As to the second ground of the demurrer it is argued that no appeal to the Court of Common Pleas can be made until a rehearing has been had and denied. Upon this proposition the court is fully in accord with counsel for the defendant. *Industrial Commission* v. *Hogle,* 108 Ohio St. 363 and *Industrial Commission* v. *Ramsey,* 119 Ohio St. 497 emphatically lay down such proposition and point out the express provisions of the law which require an adverse decision of the Commission in the first instance and thereafter an application for a rehearing and a failure to obtain relief upon such rehearing.

However, in the instant case, in the opinion of the court, the allegations of the petition clearly show that a rehearing was had and relief denied the claimant upon such rehearing. In such matters it is not necessary, as in magic, to pronounce the requisite word in order to evoke the spirit. It is sufficient that relief be denied and such relief in the opinion of the court is denied. Upon the report of the referee the Industrial Commission ordered that the application for rehearing filed by plaintiff be dismissed. In the opinion of the court it is not necessary to say that it is considered, held and ordered by the Commission that the claimant be denied any relief, because the dismissal of the application for rehearing after the report of the referee is a ruling denying relief. See reasoning in case of *Industrial Commission* v. *Link,* 122 Ohio St., 181. Demurrer overruled.