THE STATE, EX REL. DAVIS ET AL., *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(Decided November 17, 1937.)

*Mr. Edward T. Lombardo,* for relators.
*Mr. Herbert S. Duffy,* attorney general, and *Mr. Eugene Carlin,* for respondents.

BARNES, P. J.   The above named cause is in this court as an original action.   Relators are seeking a writ of mandamus against the Industrial Commission commanding it to grant a rehearing in a proceeding seeking benefits by claimed beneficiaries under the Industrial Commission laws.

The respondents have interposed a general demurrer to relators' petition.

Relators have filed a motion to dismiss respondents' demurrer.   This is a superfluous procedure, since the relators have the right to question the sufficiency of the demurrer, independently of their motion.

We shall treat the brief accompanying the motion as an answer brief to respondents' demurrer and accompanying brief.

Counsel for the opposing parties have filed very able and comprehensive briefs touching the legal questions involved. These questions can best be understood by having before us the exact language of the petition. Omitting the caption, relators' petition reads as follows:

"Now come the relators and say that the Industrial Commission of Ohio is duly vested, empowered and directed by law, to manage and direct the Workmen's Compensation Fund, created for the purpose of compensating dependents of persons injured or killed while employed by firms or individuals employing three or more persons.

"Relators further say that on the 10th day of September, 1933, the decedent, Nick Sekulich, was a regular employee of the respondent, The Wheeling Steel Corporation, of Steubenville, Ohio; that it had in its employ three or more workmen regularly engaged in the same business, and that the respondent, The Wheeling Steel Corporation, of Steubenville, Ohio, had duly elected to pay compensation direct to its injured employees and compensate the dependents of persons injured or killed while in their employment, as provided under G. C. Section 1465-69.

"The relators further say that on the 10th day of September, 1933, the decedent, Nick Sekulich, was engaged in switching cars on the property of the respondent, The Wheeling Steel Corporation, of Steubenville, Ohio; one of the cars particularly described as Car W. & L. C. No. 72123, was dragging a brake rod, the train was stopped and decedent got under the car to remove said brake rod. The train was again started while decedent was still under said car and as a result was run over and killed.

"Relators further say that prior to and at the time of the death of Nick Sekulich, decedent herein, they had been and were dependents of said decedent, Nick

Sekulich; that thereafter and within the time prescribed by law, the relators made application to the respondents, The Wheeling Steel Corporation, of Steubenville, Ohio, and The Industrial Commission of Ohio, to have the amount of compensation due them as dependents of Nick Sekulich, deceased, ascertained, and that said application was duly filed and is known as Industrial Commission Claim No. 236604-22.

"Relators further say that the respondent, The Industrial Commission of Ohio, by order dated November 29, 1933, approved the payment of medical and funeral expenses incident to the death of Nick Sekulich, decedent, but the said respondent, The Industrial Commission of Ohio, by order of same date, denied relators' claim of dependency on the decedent at the time of decedent's death.

"Relators further say that on the 8th day of December, 1933, they received registered letters from the respondent, The Industrial Commission of Ohio, notifying them that their claim of dependency, being Claim No. 236604-22, was denied and benefits disallowed.

"Thereafter and within the thirty days as provided by law, the relator, Milka Davis, on her behalf and on behalf of the other relators, Mele Momcilovich, Daisy Momcilovich and Ann Momcilovich, duly filed with the said respondent, The Industrial Commission of Ohio, an application for rehearing.

"Relators further say that subsequently and on numerous occasions they requested and demanded that the respondent, The Industrial Commission of Ohio, set Claim No. 236604-22 for a rehearing and the taking of testimony to determine the dependency of relators named herein, as provided by General Code 1465-90, but that the respondent, The Industrial Commission of Ohio, in violation of its duty as prescribed by law, has

refused and neglected and still refuses and neglects to grant the relators named herein a rehearing.

"Wherefore, the relators pray that a mandamus be issued directing and commanding The Industrial Commission of Ohio to grant relators a rehearing and for the taking of testimony as described by the General Code, Section 1465-90."

The respondents' demurrer, of course, admits the facts properly pleaded and raises the question of their sufficiency in law.

It is the claim of counsel for the respondents that the action of the commission, denying relators' claim of dependency on the decedent at the time of his death, is not an appealable order. Counsel in their brief call attention to the fact that the petition contains the allegation that the commission approved the payment of medical and funeral expenses incident to decedent's death and urge that it thereby appears that the claim was not denied upon jurisdictional grounds.

It is determinable from the petition and particularly the fifth paragraph thereof, that the Industrial Commission's order denying relators' claim was predicated upon the sole finding that claimants were not dependents of the decedent at the time of his death. The petition nowhere sets out the relationship, if any, of the relators to the decedent, nor does it disclose the reason for such claimed dependency. On this subject the petition makes the following allegation and nothing more:

"Relators further say that prior to and at the time of the death of Nick Sekulich, decedent herein, they had been and were dependents of said decedent, Nick Sekulich."

This is a mere conclusion and it is extremely doubtful whether it is a good pleading under any situation, even against demurrer. Our conclusion upon this technical deficiency of the petition would only bring

about a delay and therefore we prefer to treat the question as though the claimed dependency was adequately and fully presented.

This brings us at once to the question as to whether the denial of a claim of dependency, standing alone, is an appealable order.

The Legislature of Ohio has conferred final jurisdiction upon the Industrial Commission on all questions within its jurisdiction, and further has expressly declared that there is no appeal, except where the claim is denied on jurisdictional grounds. It therefore follows that the right of appeal is not general, but limited to a very narrow field. This understanding is essential to a determination of relators' prayer for a mandatory order requiring the Industrial Commission to grant a rehearing. The procedural step of rehearing is prescribed as a condition precedent to the taking of an appeal. It therefore follows that there is no right of rehearing unless there is the accompanying right of appeal. The question, as it is now being raised, has never been directly determined through any reported case in Ohio. At least, counsel have not called our attention to any authorities directly in point, nor has our independent research brought to light any such case. There have been cited to us certain cases which, by analogy, are helpful.

Under this situation we naturally look to the pertinent provisions of the legislative enactments as our primary guide.

The sole and only section of the code providing for appeal is 1465-90. The first sentence of this section (111 Ohio Laws, 218) reads as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final."

This provision is very broad, and, standing alone, there could be no review in the courts except for an abuse of discretion. The right to attack the orders of all boards or commissions for an abuse of discretion is well recognized. Of course, the present action is in no sense predicated upon any claim of abuse of discretion. Relators are seeking the remedy on the theory of a claimed violation of a statutory right.

The next sentence of this same Section 1465-90 (111 Ohio Laws, 218), prescribes the circumstances under which the claimants have the right of rehearing. We now set out verbatim so much of this sentence as bears upon the question of the right of rehearing:

"In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim * * *."

The remaining portion of the paragraph prescribes the detail attending such rehearing, which it is not essential to set forth at this time.

In the following paragraph it is provided as follows:

"If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein

the contract of employment was made in cases where the injury occurs outside the state of Ohio."

The rule of law is well established and needs no citation of authority that a rehearing is a condition precedent to the filing of a petition in the Common Pleas Court.

If the language of the code is clear and unambiguous, then the determination of the question is simple. Let us break down the component parts of the second sentence of the first paragraph of the above section, relative to the right of rehearing, and thereby ascertain if possible just what the Legislature has provided as to when and under what circumstances claimants have a right of rehearing.

The first part of that sentence reads: "If the commission finds that it has no jurisdiction of the claim."

Of course, this means that there is the absence of some essential element through which is prescribed the right of injured employees or their dependents to compensation.

The next portion of the sentence states: "And has no authority thereby to inquire into the extent of disability or the amount of compensation."

Again the word "thereby" refers back to the question of jurisdiction.

Quoting further: "And denies the right of the claimant to receive compensation or to continue to receive compensation for such reason."

Again the words "for such reason" refer back to the question of jurisdiction.

If the words "for such reason" were omitted, then claimants would have an unquestioned right to a rehearing, but, with these words present, we then have the situation where the denial of claimants' right to receive compensation or to continue to receive compensation does not grant the right to rehearing unless the right is denied "for such reason." It seems to

us that the provisions of the code are so clear and unambiguous that they leave no room for construction.

Some uncertainty may have arisen through the earlier decisions due to the fact that the section of the code before amendment was worded differently. The amendment in 111 Ohio Laws, 218, became effective July 15, 1925. The form of the section prior to this effective date may be found in 109 Ohio Laws (1921), 296. It will be noted that in the former provisions of the section relative to the right of rehearing, there will be found the following: *"Or upon any other jurisdictional ground going to the basis of the claimant's right."*

The italic is ours and for the purpose only of stating that this provision is no longer within the code section.

Counsel for relators cites us to the case of *Jasionowski* v. *Industrial Commission,* 25 Ohio App., 319, 158 N. E., 195. From the statement in the report it is ascertained that the case was tried three times. The first trial resulted in a directed verdict for the Industrial Commission, which was reversed by the Court of Appeals. The second trial resulted in a verdict and judgment for plaintiff, which was reversed by the Court of Appeals for errors of law occurring at the trial. The third trial resulted in a verdict for the defendant, and this last trial is the predicate for the proceedings in the reported case. A reading of this case in its entirety will disclose that the trial court charged the jury on the issue as to whether brothers and sisters were partly dependent upon the deceased. The Court of Appeals approved the charge. In the record of this case the date of the death of the injured person is not disclosed. The decision was rendered May 23, 1927, which would be subsequent to the effective date (July 15, 1925) of Amended Section 1465-90. However, we find this case reported on its first error proceeding to the Court of Appeals (22 Ohio App., 112, 153 N. E.,

247). In the statement of the case we find the following:

"The mother, asserting dependency, filed a claim with the Industrial Commission based on the contention that Wanda was injured in the course of her employment with that firm on November 22, 1924, and died on December 5 of that year as a result of such injury."

Of course the controlling law would be the section in effect on December 5, 1924, and not the law effective July 15, 1925.

Counsel for relators also cites the case of *State, ex rel. Butram,* v. *Industrial Commission,* 124 Ohio St., 589, 180 N. E., 61. In the cited case we find nothing in common with the instant case. A paragraph from Chief Justice Marshall's opinion, on page 591, is quoted wherein the statement is made that:

"If the commission entertains jurisdiction, and denies compensation on any ground other than that which goes to the basis of claimant's right, the rehearing is properly denied."

The words "goes to the basis of claimant's right" were evidently borrowed from the earlier enactment of the Legislature and dropped from Section 1465-90, which was the existing law at the time of the alleged injuries to Jarvis Butram. Even if significance be given to these words, it is not apparent that the "basis of claimant's right" means anything more than the jurisdictional question.

Our attention is also called to the case of *State, ex rel. Cezkovsky,* v. *Industrial Commission,* 126 Ohio St., 434, 185 N E., 807. The cited case differs from the instant case in its facts and if it has any bearing at all, it would support the claim of the insufficiency of the petition. The first paragraph of the syllabus reads as follows:

"Under the provisions of Section 1465-90, General

Code, a claimant for compensation must be accorded a rehearing, only when the commission bases its denial of the right of claimant to receive compensation, or to continue to receive compensation, upon its finding that the commission has no jurisdiction of the claim.''

Section 1465-82, General Code, is likewise cited. An examination of this section is essential as bearing on the question of who are beneficiaries of deceased claimants and their rights following the death. However, the prosecution of the claim is wholly controlled by Section 1465-90 of the General Code.

In the case of *State, ex rel. Gerard,* v. *Industrial Commission,* 128 Ohio St., 558, 192 N. E., 730, we find the following in the memorandum opinion:

''It has been announced in numerous decisions of this court that under this statute a claimant is entitled to a rehearing only when the Industrial Commission bases its denial of the right of claimant to receive compensation, or to continue to receive compensation, upon its finding that the commission has no jurisdiction of the claim.''

The case of *State, ex rel. Pivk,* v. *Industrial Commission,* 130 Ohio St., 208, 198 N. E., 631, is interesting and has some questions in common with the instant case.

It is our conclusion that respondents' demurrer to relators' petition must be sustained, and an entry may be presented accordingly.

*Demurrer sustained.*

HORNBECK and GEIGER, JJ., concur.