Hoppe et al., Appellants, *v.* Industrial Commission of Ohio, Appellee.

(Decided December 5, 1938.)

Mr. *Samuel Z. Kaplan* and Mr. *Eliot Kaplan,* for appellants.

Mr. *Herbert S. Duffy,* attorney general, Mr. *Joseph O. Eppstein* and Mr. *Stanley Eppstein,* for appellee.

Carpenter, J.  This action was an appeal to the Common Pleas Court from an order of the Industrial Commission of Ohio denying, on rehearing, to the plaintiffs their claim for compensation based on the death of their daughter, Edna Hoppe.  The verdict and judgment were for the commission and plaintiffs appealed to this court on questions of law.

The assignment of error chiefly relied upon by the plaintiffs is that the court erred in submitting to the jury, as one of the issues to be decided by it, whether the plaintiffs were dependent upon the decedent at the time of her injury.  The record shows that the com-

mission, on rehearing, disallowed the plaintiffs' claim "for the reason that proof on file failed to show that decedent's death was the result of an injury sustained in the course of and arising out of her employment."

The petition alleged:

"Plaintiffs further say that on said 27th day of September, 1934 [the date of the injury], they were the father and mother respectively of said Edna Hoppe and were then, and had been prior thereto, dependent upon said Edna Hoppe for support and that they continued to be so dependent upon said Edna Hoppe until the time of her said death."

She died April 27, 1936. The answer by general denial traversed this allegation.

On the trial the plaintiffs offered much evidence in support of their allegation of dependency, and the court in its charge to the jury said there were two issues presented: "One is, was the death of Edna Hoppe the result of the injury; and, second, were the plaintiffs dependent upon Edna Hoppe at the date of the injury?" The court further charged that "the burden of proof lies upon and rests upon the plaintiffs to establish those two issues by a preponderance of the evidence." After deliberating, the jury requested further instructions on how to vote on the two issues, and the court gave in substance the instruction it had previously given on the two issues and said: "You have got to find both questions in favor of the plaintiffs or the plaintiffs cannot recover."

From the discussion of some courts in reported opinions, as in *State, ex rel. Person,* v. *Industrial Commission,* 126 Ohio St., 85, 87, 183 N. E., 920, and from the observations of this court in the records of other cases, it appears that the issue of dependency has often been regarded as one a death-benefit claimant is required to establish on rehearing and on appeal to entitle him to a favorable verdict, hence it is obvious how counsel and court in the instant case came to place

this issue to the fore as one that had to be resolved in favor of the plaintiffs before they could have the verdict. And before Section 1465-90, General Code (111 Ohio Laws, 227), which strictly limits the right to a rehearing and appeal to the issue of jurisdiction of the commission, was amended in 1925, the inquiry on appeal extended to ''any other jurisdictional ground *going to the basis of the claimant's right*'' (109 Ohio Laws, 296), and therefore included dependency. (Italics ours.)

It was in the recent case of *State, ex rel. Davis,* v. *Industrial Commission,* 58 Ohio App., 325, 16 N. E. (2d), 556, that this distinction was pointed out, and the law is there announced that when the commission denies a death claim on the ground that the claimant was not a dependent of the decedent, that action is final and a rehearing will not be granted. This decision was affirmed by an equally divided court by a memorandum entry, 134 Ohio St., 130, 16 N. E. (2d), 212. This decision by the Supreme Court was made and the reports of both of those decisions have been published since the case at bar was disposed of in the trial court.

This court is in accord with the reasoning of the Court of Appeals in the *Davis case,* and what is said there by Judge Barnes will not be repeated. This additional thought on the subject is offered: When the commission takes up the consideration of any cause, as with any judicial or *quasi*-judicial inquiry, the first thing to claim attention is the jurisdiction of the tribunal over the subject-matter of the inquiry. This must be affirmatively decided before the capacity of the claimant to sue can be examined. What is necessary to give the commission jurisdiction of a death benefit claim? (1) An employer who contributes or is amenable to the workmen's compensation fund; (2) an employee of such employer; (3) an injury to such employee which was sustained in the course of and

arose out of the employee's employment; and (4) that such injury proximately caused or proximately contributed in some way to cause or to accelerate the death of such employee. In the instant case the first three of these elements are admitted. When these elements are present, the commission is invested with full and ,final power to determine who, if any, are the dependents of such decedent and in certain limits, the amount of compensation to be awarded. If the commission finds any one of these necessary elements absent, it lacks jurisdiction of the claim, and there is no occasion for it to give the matter any further attention. To test the correctness of its determination of these matters, the rejected claimant is given the right to ask a rehearing, and to appeal. Hence such proceedings can only be concerned with the jurisdictional elements above suggested. From the order made by the commission as quoted above, it would seem that it held this view of the matter, for it found against the claimants on the fourth element in the above enumeration. It had no occasion to consider the subject of dependency, and apparently did not do so.

From all this it appears that dependency was not an issue before the trial court and should not have been submitted to the jury. That it caused that body some confusion is evident from its request to the court for additional instructions on the two issues. But the appellee says that the appellants raised the issue in their petition and supported it by extended evidence, and the court had to submit it to the jury, and that appellants are now estopped from asserting such action as error. Neither of these propositions is true. If the dependency issue was not properly in the case, the court could and should have refused to submit it. As appellee has not lost anything by the acts of appellants, the principle of estoppel is not present. It seems to be manifest that counsel for both sides and the court were proceeding under a mutual mistake of

law, and that justice to these litigants requires that 'the judgment herein be reversed and the cause submitted on the one issue that was before the court, which was, whether the death of Edna Hoppe was the proximate result of the injury she admittedly received while employed by a contributor to the state compensation fund, nineteen months before her death. Such reversal is not without high authority. In *Murdock* v. *Ward,* 178 U. S., 139, 149, 44 L. Ed., 1009, 1013, 20 S. Ct., 775, the court ordered a reversal for a similar reason. '

It is urged that if the court's action was error, it was not prejudicial for the reason that the court should have directed a verdict for the commission on the issue as to the relation of the injury to the death. Two doctors, one of them a surgeon who treated Edna Hoppe for the injury the day it happened and continued to care for her to the time of her death and performed two operations upon her, both said that the injury hastened and contributed to her death. With this evidence a jury question was presented, and the submission of the dependency issue to the jury was prejudicial error.

The admission in evidence of three affidavits signed and sworn to by appellant, Alex C. Hoppe, offered by the commission, is also assigned as error for two reasons: (1) That the affidavits were not offered in evidence before the referee at the rehearing; and (2) that they were offered to impeach the testimony of Alex C. Hoppe and no foundation was laid for their introduction as impeaching evidence. Neither of these assignments of error can be sustained. A reading of the record as presented on this trial which, of course, came from the record of the rehearing, indicates that both counsel and the referee, at that time, regarded the affidavits as offered in evidence as exhibits and they were so received. As it was stipulated that the affidavits were signed and sworn to by Alex C. Hoppe

174

who was a party to the cause, they were competent evidence as admissions of a party against his own in-interest, and could have been introduced in evidence had the affiant not been a witness at all.

However, the objection to their introduction in evidence as shown by the record was broad enough to support a more substantial assignment of error which was not made by appellants. All three of the affidavits relate only to the issue of dependency, and if that was not before the court, the affidavits were immaterial.

For the reasons given the judgment is reversed and the cause is remanded to the lower court for a new trial.

*Judgment reversed and cause remanded.*

LLOYD and OVERMYER, JJ., concur.