Hart, J.
 

 Two questions are presented for decision in this case: (1) Is the determination of the question of dependency wholly within the jurisdiction of the Industrial Commission, from which no appeal can be taken in the absence of an abuse of discretion; and (2) under Section 1465-82, General Code, does the dependency of an adult child upon its father for support depend upon a legal obligation to support, or may it be established by the fact of support?
 

 The defendant in this case makes the contention that the question of dependency is one wholly within the determination of the commission, and is not subject to review by the courts unless there has been an abuse of discretion on the part of the commission. The defendant relies upon the case of
 
 State, ex rel. Davis,
 
 v.
 
 Industrial Commission,
 
 58 Ohio App., 325, 16 N. E. (2d), 556, which was affirmed by this court, 134 Ohio St., 130, 16 N. E. (2d), 212. Because of an equal division of the members of the court on the vote of affirmance in that case, the court held that denial of compensation by the Industrial Commission on the ground that the claimant was not a dependent of the deceased employee was not a denial of compensation on a jurisdictional ground and, therefore, the issue was not appealable to the Common Pleas Court within the purview of Section 1465-90, General Code (111 Ohio Laws, 227).
 

 
 *142
 
 However, since this present case was filed, this court has had the same question again under consideration in the cases of
 
 Garner, Gdn.,
 
 v.
 
 B. F. Goodrich Co.,
 
 136 Ohio St., 397, 26 N. E. (2d), 203;
 
 Liezin
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 403, 26 N. E. (2d), 206;
 
 Welsh
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 387, 26 N. E. (2d), 198, all decided March 20, 1940, in which last named case this court specifically overruled the case of
 
 State, ex rel. Davis,
 
 v.
 
 Industrial Commission, supra.
 
 In the three cases just referred to, this court held that the denial of dependency is a denial of the claim on a jurisdictional ground and, therefore, appealable to the Common Pleas Court. This court now adheres to this rule in this case. In passing, it may be stated that this question is moot as to all claims arising after July 3, 1937, by reason of an amendment of Section 1465-90, General Code (117 Ohio Laws, 86), which permits an appeal from the Industrial Commission to the Common Pleas Court on the question of dependency.
 

 The defendant, the Industrial Commission, also contends that there must be a legal liability for support or maintenance of the claimant on the part of the person upon whom the claimant claims dependency before such claimant can be found to be a dependent; that a child is a dependent of its father when, and only when, there is a legal obligation upon the part of the father to support such child; and that, since the claimant in this case was an adult son, the father was not legally liable for his support with the result that the son was not a dependent of the father.
 

 Section 7997, General Code, provides, among other things, that: ‘ ‘ The husband must support himself, his wife, and his
 
 minor
 
 children out of his property or by his labor.” (Italics ours.) Applying the doctrine of
 
 expressio unius est exclusio alterius
 
 there is no legal liability on the part of a father to support and maintain an adult child.
 
 Thiessen
 
 v.
 
 Moore,
 
 105 Ohio St.,
 
 *143
 
 401, 421, 422, 137 N. E., 906; 30 Ohio Jurisprudence, 604, Section 52; 20 Ruling Case Law, 586, Section 3. The precise limit of time during which a father is liable for his child’s maintenance is fixed by law, and it cannot, in any ease, be either enlarged or diminished except by legislative action.
 

 In some jurisdictions, this rule has been relaxed where a child is of weak body or mind, unable to care for himself after becoming of age, and remains unmarried and living in the father’s home. 20 Ruling Case Law, 586, Section 3.
 

 Dependency, so far as the Workmen’s Compensation Act of Ohio is concerned, is established and defined by Section 1465-82, General Code. Among other things, that section specifically names and limits the classes of persons who are dependents of a deceased employee. Under this specification, no person shall be considered as a dependent unless he (a) is a member of the family of the deceased employee, or (b) bears to him the relation of husband or widow, lineal descendant, ancestor or brother or sister.
 

 Keeping in mind that only the above-named classes of persons may in any event claim dependency, paragraph numbered 4 of the above named section provides the method of proof of such dependency. We are concerned only with “(B)” of paragraph 4 of the code section above named which with “(A)” of the same paragraph may be restated as follows:
 

 The following persons shall be presumed to be wholly dependent for their support upon a deceased employee,
 
 vis.,
 
 (a) a wife upon a husband with whom she lived at the time of his death; (b)
 
 either
 
 a child under the age of 16 years, or over that age if physically or mentally incapacitated from earning, upon the parent with whom he lived at the time of the death of such parent,
 
 or
 
 (c) a child upon the parent who, at the time of Ms death, was legally liable for the child’s maintenance.
 

 
 *144
 
 The presumptions of total dependency above named are not conclusive, but are subject to rebuttal by evidence in the same manner as any other rebuttable presumption
 
 (State, ex rel. Pivk,
 
 v.
 
 Industrial Commission,
 
 130 Ohio St., 208, 212, 198 N. E., 631) and such presumption may be rebutted even in a case where the deceased employee was legally liable for support of the claimant.
 
 State, ex rel. Person,
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 85, 88, 183 N. E., 920;
 
 State, ex rel. Poulos,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 430, 433, 191 N. E., 481;
 
 State, ex rel. Pivk,
 
 v.
 
 Industrial Commission, supra.
 

 In all other cases, except of course as to the persons named in the statute, there is no such presumption of total dependency, but the question of dependency, in whole or in part, is to be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee.
 

 Within the limits of the classes of persons and circumstances named in the statute, total or partial dependency or dependency in any degree depends upon the evidence, the presumption or lack of presumption of total dependency in any case operating only to determine who has the burden to proceed and to produce evidence on the subject, dependency being a question of fact in each particular case.
 

 An analysis of the provisions of the statute demonstrates that while there is dependency upon a deceased employee who was legally liable for support, yet there are other cases of dependency by force of the statute where there was no legal obligation on the part of a deceased employee to support and maintain in his lifetime the person who can claim dependency upon such deceased employee after his death. Since the Legislature included in the list of possible dependents of a deceased employee, brothers, sisters, ancestors and lineal descendants for none of whom the decedent would be legally obligated for support, it must be clear
 
 *145
 
 that dependency is not always based upon a legal liability at the time of the death of the employee to support the alleged dependent.
 

 In the case at bar, the record sustains the claim that the adult son was physically incapacitated from earning his own living, was living with the father at the time of the latter’s death, and was, to some extent, supported by the father. While there was no legal obligation on the part of the father to support the son, yet, under the circumstances, the statute furnishes a presumption that the son was wholly dependent upon the father for support. This presumption, not having been overcome by evidence, the court was justified in finding dependency of the adult son upon the deceased father.
 

 The trial court did not err in its charge to the jury on dependency, and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman and Williams, JJ., concur.