THE STATE, EX REL. OLSEN ET AL., GDNS., *v.* INDUSTRIAL
COMMISSION.

(No. 8126—Decided March 1, 1966.)

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Thomas E. Cavendish, Mr. Charles F. Glander* and *Mr. James H. Ledman,* for relators.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd* and *Mr. Jerry L. Riseling,* for respondent.

GUERNSEY, J. This is an action in mandamus originating in this court on June 20, 1965, by the co-guardians of children of one Mary M. Myers against the Industrial Commission of Ohio. From admissions in the pleadings and from the agreed statement of facts upon which the action was submitted the facts appear as hereinafter stated.

On December 16, 1960, one Garry C. Myers, Jr., and his wife, Mary M., who were each employees protected by the Workmen's Compensation Act, died from injuries received in an airplane crash, in the course of and arising out of their employment, leaving surviving them five children under 16 years of age. Co-guardians thereupon appointed for the estates and persons of the children filed respective claims to obtain benefits due the children under the Act.

The claim relating to the father's death was first filed and, upon a determination that the children were wholly dependent for their support upon him at the time of his death, was allowed in the total amount of $18,000.

The claim relating to the mother's death was then prosecuted through administrative channels, and, on March 20, 1963, the Regional Board of Review determined that "the proof fails to show that the decedent had any dependents, depending on her for support at the time of death." Upon refusal of the Industrial Commission to review this determination the same was appealed to the Common Pleas Court of Franklin County.

On September 13, 1964, that court entered its judgment that the children were dependents of Mary M. Myers within the purview of the Act at the time of her death and entitled to participate in the State Insurance Fund, but did not determine whether they were wholly or only partially dependent upon her for support. No appeal was taken from the judgment of the Common Pleas Court.

On February 8, 1965, pursuant to notice, hearing was had before the Industrial Commission on the question of "Deter-

mination of Extent of Dependency," and on that date the commission entered the following order:

"This claim coming on for hearing before the Industrial Commission on the question of the extent of dependency of decedent's minor children pursuant to the judgment rendered by the Court of Common Pleas of Franklin County, Ohio, the commission finds that said minor children * * * were all partially dependent upon decedent for support at the time of her death and it is ordered that each of said minor children be granted a death award for partial dependency in the amount of $1,000.00 and that payments of such award be made to John Edgar Myers and James H. Olsen, the duly appointed and acting co-guardians of said minor children."

Attached as exhibits to the agreed statement of facts and incorporated by reference therein are copies of the opinion of the Common Pleas judge in his decision hereinbefore referred to, the order of the Industrial Commission of February 8, 1965, and the respective claims filed by the guardians. By separate stipulation the parties have agreed that the Industrial Commission files relating to the respective claims should be considered as part of the evidence in this action.

The only recitals in the agreed statement of facts relating specifically to the extent of the dependency of the children upon their parents, or either of them, are that it is agreed that *allegations* appear in the respective claims that "the children received entire support from the deceased employee and the mother [father] of the children," and that, "for some time up to the deaths of Mary M. Myers and Garry C. Myers, Jr., all of their respective income was deposited in a joint checking account and utilized for the support of themselves and their aforesaid minor children." There is no agreement that the facts stated in the opinion of the Common Pleas judge are agreed to in this action in mandamus. Nor is there any part of the agreed statement wherein it is stipulated that the recitals therein relating to the extent of dependency constitute the only facts which might relate thereto, or the only facts which were before the Industrial Commission when it arrived at its determination of partial dependency, and there is no part of the agreed statement which excludes the possibility that the children were re-

ceiving a part of their support from some source other than their parents.

At no place in our record, including the files of the Industrial Commission hereinbefore referred to, which we have carefully examined, does there appear any recital, transcript, or statement of the evidence adduced before the commission at its hearing as to the extent of dependency.

The issue raised by the pleadings is whether, on the facts before us, there exists a duty specially enjoined by law upon the Industrial Commission to find that the surviving children of Mary M. Myers were wholly dependent for support upon her at the time of her death, and, for such reason, to order paid to them, or their guardians for them, the sum prescribed by Section 41-23.59(B), Revised Code, for wholly dependent survivors. If no such duty exists, the relators then claim that the commission has not ordered paid, and should now be ordered to pay, compensation as provided by paragraph (C) of that section for persons partially dependent.

The character of dependency and the duties, if any, sought here to be enforced are determined by the provisions of Section 4123.59, Revised Code, reading, in pertinent part:

"In case an injury to * * * an employee causes his death * * * benefits shall be in the amount and to the persons following:

" * * * .

"(B) If there are wholly dependent persons at the time of the death, the weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage, but not to exceed forty-nine dollars per week, * * * . The sum total of payments to persons wholly dependent at the time of said death shall be fifteen thousand dollars. * * * If the decedent's wholly dependent survivors include * * * any child under eighteen years of age, an additional amount of one thousand dollars for each child * * * shall be added to said fifteen thousand dollars maximum award, up to a total additional sum of three thousand dollars.

"(C) If there are partly dependent persons at the time of the death the weekly payment shall be sixty-six and two-thirds per cent of the employee's average weekly wage, not to exceed forty-nine dollars per week and shall continue for such

time as the Industrial Commission in each case determines, and shall not amount to more than a maximum of fifteen thousand dollars.

"(D) The following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

" * * * .

"(2) A child under the age of sixteen years * * * upon the parents with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death.

" * * * .

" * * * , the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, * * *. * * *."

There is no provision in the Workmen's Compensation Act which precludes a person who has been allowed a claim for benefits rising from the death of one employee, as being wholly dependent upon such employee, from also perfecting and being allowed a claim for benefits arising from the death of another employee, as being either wholly or partially dependent upon the latter, such death either resulting from a different or resulting from a common disaster, so long as the requisite proof, or presumption, of dependency exists in each case. See *Industrial Comission* v. *Drake,* 103 Ohio St. 628, 635 *et seq.,* as to insurance character of fund. Statutory presumptions as to dual dependency may arise, which prevail in the absence of evidence offered to rebut same, notwithstanding that if appropriate evidence were offered dual dependency might be disproved. Compare *Becker* v. *Industrial Commission,* 137 Ohio St. 139, 145.

Although there is no specific admission or agreement in the pleadings, in the agreed statement of facts, in the proceedings before the Industrial Commission, or any place else in our record, that the children here were actually living with their mother at the time of her death, allegations that such was the case appear in the claim form filed with the commission and in the petition filed herein, and seem never to have been seriously contested, though not specifically conceded, and for the purposes of our decision we will assume that such was the case.

On that assumption the rebuttable statutory presumption

arises that the children were wholly dependent upon their mother for their support at the time of her death. That being the case, we are not concerned with whether the mother was legally liable for the maintenance of the children at the moment of her death and, therefore, are not concerned with whether one parent survived the other or whether their deaths were simultaneous.

However, it was entirely within the jurisdiction of the Industrial Commission, after the judgment of the Common Pleas Court that the children were dependents of their mother, to determine whether they were wholly dependent upon her for their support, or only partially so. Regardless of how it arises, the statutory presumption of being wholly dependent would prevail in the absence of evidence adduced at the hearing on the extent of dependency to rebut same. Nevertheless, the commission determined that the children were only partially dependent. As our record does not show upon what evidence the commission arrived at its conclusion, and does not contain any evidential facts necessarily inconsistent with that determination, we must presume that the determination of the commission was supported by the evidence adduced before it, *i.e.,* that evidence of probative value was adduced which operated to rebut the statutory presumption. It should also be noted that our record does not show that an appeal was ever perfected from such determination, notwithstanding that under Section 4123.519, Revised Code, a claimant may now appeal to the Common Pleas Court from "a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability."

As the proof submitted in this mandamus action, which constitutes a collateral attack on the determination of the commission, fails to include facts showing that the determination of the commission that the children were only partially dependent upon their mother was a decision which the commission had no discretionary authority to make, or the making of which constituted an abuse of discretion, then the proof also fails to show any duty specially enjoined by law upon the commission to find the children wholly dependent.

Relators' alternative contention is to the effect that if the finding of partial dependency cannot be set aside, then the commission nevertheless abused its discretion in the amount of its

award and that it should now be ordered to make payment to the claimants as provided in paragraph (C) of Section 4123.59, Revised Code, *supra*. Although the award was only one third of the maximum permitted by this paragraph, we again are not in possession of the evidence adduced before the commission relating to the extent of the partial dependency, nor any evidence inconsistent with the commission's findings, and cannot, therefore, determine that there was an abuse of discretion in its determination as to the amount of compensation payable requiring the issuance of a writ of mandamus ordering the commission to order payment of compensation in some greater amount.

As the claimants have not established a clear legal right thereto, the writ of mandamus will be denied. *State, ex rel. Poulos,* v. *Industrial Commission,* 128 Ohio St. 430, and *State, ex rel. De Boe,* v. *Industrial Commission,* 161 Ohio St. 67, 70.

*Writ denied.*

DOYLE, P.J., and HUNSICKER, J., concur.

DOYLE, P.J., and HUNSICKER, J., of the Ninth Appellate District, and GUERNSEY, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.