THE STATE, EX REL. OLSEN ET AL., APPELLANTS, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

(No. 40218—Decided January 25, 1967.)

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Thomas E. Cavendish, Mr. Charles F. Glander* and *Mr. James H. Ledman,* for appellants.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd* and *Mr. William M. Culbert,* for appellee.

BROWN, J. Section 4123.59, Revised Code, as applicable here, provided in part:

"(A) In case an injury to an employee causes his death

\* \* \* benefits shall be in the amount and to the persons following:

" \* \* \*

"(B) If there are wholly dependent persons at the time of the death \* \* \*. The sum total of payments to persons wholly dependent at the time of such death shall be fifteen thousand dollars. \* \* \* if the decedent's wholly dependent survivors include his spouse or any child under eighteen years of age, an additional amount of one thousand dollars for each child and for his spouse shall be added to said fifteen thousand dollars maximum award, up to a total additional sum of three thousand dollars.

" \* \* \*

"(D) The following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

" \* \* \*

"(2) A child under the age of sixteen years \* \* \* upon the parents with whom he is living at the time of death of such parent \* \* \*." (Emphasis added.)

Such a presumption established by a statute not designating it as conclusive is subject to rebuttal in the same manner as any other presumption. *State, ex rel. Pivk,* v. *Indus. Comm.,* 130 Ohio St. 208, 212.

Quite clearly, the legislative intent in enacting this section of the Revised Code was to recognize that children of tender years living with their parents are ordinarily wholly dependent upon each of their parents and to eliminate the necessity of proving such dependency. The presumption, granted solely for the purpose of eliminating the necessity of proving factual dependency in one case, can not be used to disprove actual dependency in a completely different case. It was not so intended, and its use must be limited strictly to the purpose for which it was created.

To this effect, see *Utah Fuel Co.* v. *Indus. Comm.,* 67 Utah 25, 245 P. 381, 45 A. L. R. 882, and annotation at page 894, where father and son met death as coemployees in a common accident. It was held that the statutory presumption and a finding of the commission based thereon that the wife-mother and

children were wholly dependent upon the deceased husband-father for support did not bind them in a subsequent proceeding for compensation for the son's death.

In a most interesting case, *Hodgson* v. *West Stanley Colliery*, 1910 A. C. (Eng.) 229, a husband and two sons were killed in a common accident. The law gave to a widow the presumption that she was wholly dependent upon her husband. The facts were that all had lived together upon their combined earnings. It was held that the wife-mother and surviving children might be given the maximum award as wholly dependent upon the husband and might also receive awards in respect of the death of each of *the two sons.*

We conclude that the presumption created by the subject statute was intended to eliminate the necessity of proof of dependency in a case based upon the death of either parent; that it is useful only for that purpose; and that it is not rebuttable by evidence or admissions that each of the parents contributed to the support of the common household.

The presumption which arises under the foregoing language is dual in character in that it applies to each of the parents of children under 16 and prevails in the absence of evidence that such children were dependent in whole or in part on persons other than the parents, or evidence that such child or children were self-supporting in whole or in substantial part.

The $18,000 maximum award allowed by Section 4123.59, Revised Code, is a limit only upon an award based upon the loss of one covered employee, not a limit placed upon the total award which may be made to a person or a group of persons who suffer loss of support because of the death of several covered employees upon whom they were dependent.

We prefer to base our decision on the merits of this cause rather than on the procedural ground used by the intermediate appellate court, since we are persuaded that no evidence was adduced at the hearing before the commission to rebut the statutory presumption. Hence, to apply to the finding of the commission a presumption of regularity would accomplish an unnecessary injustice in this case.

We have difficulty in imagining what evidence might re-

fute the presumption that these children, all under 16 years of age and living together and with their parents on the combined annual earnings of their parents, were not wholly dependent upon those parents.

It would be doubtful that income earned by children of such tender years would be substantial enough to render their support by such affluent parents partial rather than total.

The opinion of the Common Pleas Court, which is a stipulated fact in this case, and the record before the Industrial Commission, which was also stipulated in the court below, show an entire lack of factual dispute.

In the presence of such agreement by the parties, we are of the opinion that the children were wholly dependent upon their deceased mother, Mary M. Myers, at the time of her death, and that the commission's duty to grant the maximum award of $18,000 was mandatory. Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.