LYNCH, Appellant,

v.

MAYFIELD, Admr., et al., Appellees.

[Cite as *Lynch v. Mayfield* (1991), 75 Ohio App.3d 56.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57806.

Decided July 22, 1991.

*Michael V. Kelley, Robert E. Sweeney* and *John W. Martin*, for appellant.

*Lee Fisher*, Attorney General, *Robert E. Edelstein*, Assistant Attorney General, *Thompson, Meier & Dersom* and *Harold C. Meier*, for appellees.

---

JOHN F. CORRIGAN, Judge.

Plaintiff Susie Mae Lynch appeals from the judgment of the trial court which determined that she is not entitled to participate in the Workers' Compensation Fund. For the reasons set forth below, we affirm.

## I

Following the death of Earl Lynch in 1977, plaintiff filed an application for death benefits with the Bureau of Workers' Compensation, claiming that she was dependent upon Lynch as his surviving spouse, and that his death was the result of an occupational disease contracted in the course of and arising out of his employment with Ferro Engineering Division of Ogelbay Norton Company ("Ferro"). Plaintiff's claim was denied at the administrative levels, and she commenced this action for *de novo* review pursuant to R.C. 4123.519.

On April 24, 1989, the matter proceeded to a jury trial and the following stipulation was read into evidence:

" * * * Earl Lynch was employed by Ferro from 9–11–68 to 6–16–77; that his date of death was 10–13–77, and that at the time he was 32 years of age; that the date of his marriage to the plaintiff was 7–10–65."

Plaintiff's evidence next established, with respect to the cause of Lynch's death, that various mixing and molding operations which Lynch performed at Ferro exposed him to unknown concentrations of airborne asbestos fibers. Plaintiff's evidence further established that when asbestos fibers are inhaled, scar tissue forms around the fibers inside the lung or its lining, the pleura, and this process, called asbestosis, alters cell growth to produce mesothelioma or a malignancy in the pleural cavity.

Plaintiff's evidence next demonstrated that in 1977 Lynch was diagnosed as having malignant mesothelioma after a biopsy revealed that he had a malignancy in the pleural cavity of his lung, and that diffuse scar tissue and asbestos fibers were also present. Lynch died on October 13, 1977. The resulting death certificate lists cachexia or wasting away due to widespread metastasis of malignant mesothelioma as the cause of Lynch's death.

Plaintiff next presented evidence relating to her dependency upon Lynch which indicated that she and Lynch were married in 1965 in Cedartown, Georgia, and that Lynch then moved to Cleveland in 1968. Plaintiff main-

tained that by early 1969, she had joined Lynch in Cleveland, but had moved back to Georgia by 1972 as the result of Lynch's aggression toward her. Plaintiff asserted that she had separated from Lynch until his death, but she demonstrated that during this separation she had remained on Lynch's medical benefits plan at Ferro, and had been designated beneficiary of Lynch's life insurance benefits with Ferro.

At the close of plaintiff's evidence, Ferro moved for a directed verdict. The trial court denied this motion, and Ferro proceeded with its defense.

With respect to the issue of the cause of Lynch's death, Ferro presented expert testimony which refuted plaintiff's claim that defendant died from malignant mesothelioma or asbestos-related disease. Ferro then proffered that Lynch's death was the result of a malignant neoplasm within his lung which is not specifically associated with asbestos exposure, but instead has a host of possible etiologies. While Ferro's experts conceded that asbestosis was present in Lynch's lung, they opined that this did not produce the malignancy, given the location of the malignancy within the lung rather than in the pleura, and emphasized the fact that Lynch's disease progressed very rapidly and asbestos-related malignancies generally have a latency period of at least ten years.

With respect to the issue of plaintiff's dependency upon Lynch, Ferro demonstrated that in 1971, Lynch had filed a complaint for divorce from plaintiff, and that plaintiff, in her answer to this complaint, averred that Lynch had deserted her in 1968, and had persisted in this desertion, thereby entitling her to a divorce. While neither party pursued the matter to a final decree of divorce, Ferro presented additional evidence, over plaintiff's objection, that from 1973 to 1977 Lynch had cohabited with Gayle Sellers, and had had a child with her.

The matter was subsequently submitted to the jury, which determined that plaintiff is not entitled to participate in the Workers' Compensation Fund. Plaintiff now appeals, assigning two errors.

## II

"It is reversible error for the trial court to admit, over objection, evidence of no or minimal probative value when such evidence leads to confusion of issues and undue prejudice."

Within this assignment of error, plaintiff asserts that the trial court erred in permitting Gayle Sellers to testify to her relationship with Lynch, and to Lynch's filing of a complaint for divorce from plaintiff. Plaintiff claims that this testimony was not probative of the issue of her dependency and was extremely prejudicial.

■ Relevancy is governed by Evid.R. 401, 402 and 403, which provide in pertinent part as follows:

Evid.R. 401:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Evid.R. 402:

"All relevant evidence is admissible, except as otherwise provided * * *."

Evid.R. 403:

"(A) *Exclusion mandatory.* Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

"(B) *Exclusion discretionary.* Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

In accordance with the foregoing, the trial court has discretion to admit evidence with some probative value. *State v. Shields* (1984), 15 Ohio App.3d 112, 114, 15 OBR 202, 204, 472 N.E.2d 1110, 1113.

Workers' compensation death benefits available to an employee's wholly dependent and partly dependent survivors are governed by R.C. 4123.59. While the term "dependents" is not statutorily defined, R.C. 4123.59 sets forth the following presumptions of dependency:

"(D) the following persons shall be presumed to be wholly dependent for their support upon a deceased employee:

"(1) A surviving spouse who was living with the employee at the time of death or surviving spouse who was separated from the employee at the time of death because of the aggression of the employee[.]

" * * *

" *In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee,* but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to him the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. The commission has final discretion to award death benefits solely to those who are wholly dependent or to apportion such benefits among wholly dependent persons and other dependent persons as the commission deems equitable in the circumstances of each particular case." (Emphasis added.)

█ The statutory presumption set forth in the first portion quoted, *supra,* is not conclusive, but rather, may be rebutted where facts to the contrary are established. *State ex rel. Pivk v. Indus. Comm.* (1935), 130 Ohio St. 208, 212, 198 N.E. 631, 633; accord *State v. Myers* (1971), 26 Ohio St.2d 190, 201, 55 O.O.2d 447, 452, 271 N.E.2d 245, 252. The presumption prevails, however, in the absence of evidence that the alleged dependent was in fact, wholly or partially dependent upon others for support, or was wholly or partly self-supporting. Cf. *State ex rel. Olsen v. Indus. Comm.* (1967), 9 Ohio St.2d 47, 38 O.O.2d 126, 223 N.E.2d 362, paragraph two of the syllabus. That is, the presumption may be rebutted by evidence that tends to negate the fact or degree of dependency. *Becker v. Indus. Comm.* (1940), 137 Ohio St. 139, 17 O.O. 478, 28 N.E.2d 361, paragraph three of the syllabus.

█ Where a claimant is not entitled to the presumption, his or her claim is evaluated in accordance with the facts of that particular case, as they existed at the time of the decedent's death. *Indus. Comm. v. Dell* (1922), 104 Ohio St. 389, 405–406, 135 N.E. 669, 674–675. Such facts have included the decedent's cohabitous relationships with another, where both the claimant and the cohabiting other seek to be declared the decedent's surviving spouse. *Id.*

█ Applying the foregoing, we hold that because R.C. 4123.59 directs that dependency be "determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of [the] employee," Sellers' testimony regarding her relationship with Lynch at the time of his death was probative of the issue of whether plaintiff was Lynch's surviving spouse within the meaning of R.C. 4123.59, and of whether plaintiff was otherwise dependent upon Lynch. Moreover, with respect to Sellers' testimony regarding Lynch's filing of a complaint for divorce, we note that plaintiff sought to establish the presumption of dependency set forth in R.C. 4123.59(D)(1) by claiming that she had left Lynch due to his aggression, and plaintiff's answer to Lynch's complaint for divorce asserting persistent desertion therefore tends to negate this claim. Thus, Sellers' testimony regarding the filing of the divorce complaint is extremely probative of the issue of dependency, pursuant to R.C. 4123.59(D)(1).

In accordance with the foregoing, we hold that the trial court did not abuse its discretion in permitting Sellers to testify in this matter.

Plaintiff's first assignment of error is overruled.

### III

"The verdict of the trial court is against the manifest weight of the evidence."

■ In considering a challenge to the manifest weight of the evidence supporting a judgment, it is important that the reviewing court be guided by a presumption that the findings of the trier of fact were indeed correct. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. That is,

"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. The interplay between the presumption of correctness and the ability of an appellate court to reverse a trial court decision based on the manifest weight of the evidence was succinctly set forth in the holding of this court in *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261, 376 N.E.2d 578]:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id.;* accord *Hardiman v. Zep Mfg. Co.* (1984), 14 Ohio App.3d 222, 226, 14 OBR 250, 254, 470 N.E.2d 941, 946.

■ In establishing a claim for death benefits pursuant to R.C. 4123.59, a claimant must establish that he or she was dependent upon the decedent whose death was caused by a work-connected injury or occupational disease. *State ex rel. Doersam v. Indus. Comm.* (1989), 45 Ohio St.3d 115, 117, 543 N.E.2d 1169, 1171. As to whether the element of dependency will be established where a decedent and his lawful wife are not living together at the time of the decedent's death, and the decedent is instead cohabiting with another woman as his spouse, the Supreme Court has stated:

"We have already found that Sara Plumsteel was the widow, and must therefore have been a member of his family, even though he had forsaken her many years before, and even though he had neglected the natural and legal obligations he owed her. Under such circumstances it is urged that she should not be adjudged a dependent unless she was in fact receiving support from him. Upon no principle of law, reason or common sense can such a position be maintained. Dependency rests upon an obligation of support and not upon the question as to whether that obligation is being discharged. To hold that a recreant husband can relieve himself of such an obligation by his mere defiant refusal to discharge the obligation would be to permit a person to take advantage of his own wrongdoing. It is not a question of how well he fulfilled his legal obligations, or how faithful he was in fact in the performance of those promises of support which are a part of the marriage contract

and which are supplemented by elaborate statutory provisions clearly defining his duty to support and maintain his wife in so far as he is able to do so; the question is, Was there a duty on his part and has anything occurred to relieve him of that duty?

"The marriage contract, supplemented by statutory enactments, clearly created the duty, and he cannot relieve himself therefrom by his own acts any more than a man can lift himself clear of the ground by tugging at his boot straps. He can only be relieved by the decree of some court of competent jurisdiction after process duly served upon the other party to the contract." *Indus. Comm. v. Dell, supra,* 104 Ohio St. at 406–407, 135 N.E. at 674–675.

■ Applying the foregoing, we find competent, credible evidence to support the judgment of the trial court. For while plaintiff was clearly dependent upon Lynch pursuant to R.C. 4123.59, and in accordance with *Indus. Comm. v. Dell, supra,* there was competent, credible expert testimony which indicated that Lynch did not die from asbestosis-produced mesothelioma resulting from his exposure to asbestos at Ferro, but that he died as the result of a malignant neoplasm which, because of its location and speedy onset, was not necessarily the result of his work at Ferro.

Thus, as competent, credible evidence tended to negate this element of plaintiff's case, the judgment is not against the manifest weight of the evidence, and plaintiff's second assignment of error is therefore overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, P.J., and NAHRA, J., concur.