201

### THIESSEN v. MOORE
Ohio Supreme Court
No. 17152. Decided July 5, 1922

This opinion has not been published except in Abstract.

DEEDS—(1) Recital of consideration in, as determining course of descent of property—(2) Power of court to direct course of succession of real estate—(3) Validity of quit-claim deed.

ROBINSON, J.:

Epitomized Opinion

Error to Ohio Court of Appeals, Lorain County

Henry Moore, Sr., owned a 54-acre tract of land at the time of his marriage with Ida Moore. After the birth of four children Ida Moore instituted proceedings in divorce and as part of the settlement of such proceedings Henry Moore executed a quit-claim deed to the 54-acre tract to Ida Moore for life, with remainder to their children, Erma, Harold, Henry and Wilbur, reserving to himself a life interest therein, the deed reciting "that for divers good consideration and especially for the sum of one dollar, he granted," etc.

In 1905 Ida Moore was granted a divorce and in that proceeding the court ordered Henry Moore to convey certain property to Ida Moore for her life and the fee to the children above mentioned, reserving in himself the use and control of said property for his own life time. It was also ordered that upon failure of Henry Moore to execute a deed of conveyance the court order should operate as such conveyance. Moore did not convey the property and died testate devising his real estate to Wilbur Moore. The question arises as to whether the recital in the deed to the 54-acre tract of the receipt of one dollar was conclusive, as to whether the deed cast upon the grantee a title by purchase or by deed of gift and as to the validity of the court's action in the decree of divorce.

Held by Supreme Court in partially affirming the judgment:

1. The consideration for a conveyance of real estate determines its course of descent and the recital in the deed of conveyance of the payment of the consideration is "operative words" within the meaning and intent of the declaration of this court in Shehy v. Cunningham, 81 Oh. St. 289, and for the purpose of determining course of descent is conclusive.

2. In a divorce, alimony, custody, support and maintainance proceeding the court is without power to make a decree with reference to the maintainance of minor children beyond the date when such children shall arrive at their majority and a decree which purposes and attempts to direct the course of the succession to the title to real estate after the death of the parents is in that respect ultra vires and void and may be attacked in a collateral proceeding.

3. A quit-claim deed attempting to release a right to inherit, which right is neither vested nor inherent, has no subject matter on which the instrument can operate and is void.

Attorneys—D. M. Bader and J. H. Saltsman, for Thiessen. Lamb, Vaughn & Lamb, and Dustin, McKeehan, Merrick, Arter & Stewart, for Moore