No. 145

ALEX GUINCA v. STATE OF OHIO

Error to Court of Appeals, Stark County

No. 18316.   Filed in Supreme Court Jan. 16, 1924.   2 Abs. 67

Motion to File Overruled by Supreme Court

Feb. 20.   See Page 148

661.  INTOXICATING LIQUORS.

Published Exclusively in the Abstract.

Quinca was convicted in the Criminal Court of the City of Canton of the illegal possession of intoxicating liquor.  He owned a garage which was not on or very near the lot upon which his residence was located, and which was used for the storage of four automobiles, one owned by Guinca and the others owned by persons who rented garage space from him. In the garage were found 13 barrels of grape wine belonging to Guinca who said that 9 of the barrels were made of poor grapes, which were being allowed to go to vinegar.  The four other barrels were made by him and were kept for beverage purposes for himself and his family.

Guinca had drilled little holes in the barrels to let the air come through so the liquid would not work out and burst the barrels.  The evidence for the state showed that the barrels contained grape wine which was intoxicating and was fit for beverage purposes.  The Court of Appeals affirmed the conviction.

The state contends that Guinca was properly convicted because the laws of Ohio forbid the possession of intoxicating liquor, the word "liquor" includes wine, the garage in which the liquor was found was not a "private dwelling" within the exception named in the statute and because the laws do not regard any place as a bona fide residence within the meaning of the statute wherein liquors possessed have been illegally manufactured or obtained.

Attorneys—V. S. Johnson, Canton, for Guinca; Thos. M. Miller, Sol., Canton, for State.

No. 146

WM. J. DOUD et al v. CINCINNATI (City)

Error to Court of Appeals, Hamilton County

No. 18340.   Filed in Supreme Court Jan. 26 1924.  2 Abs. 98

291.  CONSTITUTIONAL LAW.

797.  MUNICIPAL LAW—ASSESSMENTS.

Published Exclusively in the Abstract.

Action to test the constitutionality of 3852-1-2-3 GC. and to contest an assessment for the improvement of a park boulevard. Same was begun in the Court of Insolvency of Hamilton County and later transferred to the Common Pleas.  The parties are here found in the same relative positions as they appeared in the trial court.

The Common Pleas held the section constitutional.  The Court of Appeals sustained the Common Pleas.  Plaintiff claims error as follows:

1. This act does not require a finding by the park board that the proposed improvement be conductive to the public health, convenience or welfare.

2. This law is an additional law to the general laws of this state and has not been submitted to a vote of the people.

3. This is a law dividing cities into classes, those having park boards and those not having park boards, and is contrary to Section 1, Article XVIII of the Constitution which sets forth how cities shall be classified.

4. This parkway act is a special act and is unconstitutional because it grants corporate powers.

Attorneys—Tyffe Chambers, Cincinnati, for Doud; Saul Salonika, Solicitor, and F. K. Bowman, Asst. Sol., for City.

No. 147

ARTHA G. LONG v. CARL GRASHAM

Error to Court of Appeals, Allen County

No. 18380.   Filed in Supreme Court Feb. 12, 1924.  2 Abs. 132

413.  DIVORCE AND CUSTODY OF CHILDREN.

Published Exclusively in the Abstract.

The errors complained in this case are set out as follows:

Long, August 3, 1923, obtained a divorce from Grasham by the Common Pleas of Allen county on the ground of gross neglect of duty, and was granted the custody of their three minor children, with decree for the payment of $5 for each child until it arrived at 16 years.

October 8, 1923, the case was submitted to the Common Pleas, on motion, and the judgment vacated and modified, the custody of the children changed to Grasham; the wife enjoined from interfering in his control of them, and the judgment of $5 per month vacated and set aside.

Appeal was taken from this decision and on motion to dismiss it, because of Sec. 6, Art. IV, of the Constitution, the Court of Appeals held, that under the decisions, 100 OS. 33 and 105 OS. 401, it is without jurisdiction.

Long raises the questions of the constitutionality of cases under Sec. 6, Art. IV, Constitution, and of 8032, 8035 and 12002 GC., as to the custody of children, and as to 12001, 11875, 11876 and 12224 GC., as to injunction and when a party cannot demand a jury.

Attorneys—J. W. Rockey, Lima, for Long; T. R. Hamilton, Lima, for Grasham.