By the Court.
 

 The sole question presented by the record in this case is whether the Court of Probate may apply the so-called doctrine of substitution of judgment by ordering a trustee or guardian of a nonresident insane person to withdraw funds from the ward’s estate for the support of another when there is no legal liability upon the ward for such support and no evidence that the ward himself, if sane, would furnish such support.
 

 In the majority opinion the Court of Appeals correctly observed that “there can be no question as to the correctness of the general proposition * * * that there is, generally speaking, no legal liability upon the part of a parent to care for his adult child.”
 

 Section 7997, General Code, provides in part that “the husband must support himself, his wife, and his
 
 minor
 
 children out of his property or by his labor.” (Italics supplied.) Section 8023, General Code, provides that “all persons of the age of twenty-one years and upward, who are under no legal disability, shall * * * to all intents and purposes be of full age.”
 

 In the second paragraph of the syllabus in the case of
 
 Thiessen
 
 v.
 
 Moore,
 
 105 Ohio St., 401, 137 N. E., 906, this court held:
 

 “In a divorce, alimony, custody, support and maintenance proceeding the court is without power to make a decree with reference to the maintenance of minor
 
 *400
 
 children beyond the date when such children shall arrive at their majority, and a decree which proposes and attempts to direct the course of the succession to the title of real estate after the death of the parents is in that respect
 
 ultra vires
 
 and void and may be attacked in a collateral proceeding.”
 

 In the opinion in the later case of
 
 Becker
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 139, 28 N. E. (2d), 361, Judge Hart made the following observation on this subject:
 

 “Section 7997, General Code, provides, among other things, that: ‘The husband must support himself, his wife, and his
 
 minor
 
 children out of his property or by his labor.’ (Italics ours.) Applying the doctrine of
 
 ex-pressio unius est exclusio alterius
 
 there is no legal liability on the part of a father to support and maintain an adult child.
 
 Thiessen
 
 v.
 
 Moore,
 
 105 Ohio St., 401, 421, 422, 137 N. E., 906; 30 Ohio Jurisprudence, 604, Section 52; 20 Ruling Case Law, 586, Section 3. The precise limit of time during which a father is liable for his child’s maintenance is fixed by law, and it cannot, in any case, be either enlarged or diminished except by legislative action. *
 

 “In some jurisdictions, this rule has been relaxed where a child is of weak body or mind, unable to care for himself after becoming of age, and remains unmarried and living in the father’s home. 20 Ruling Case Law, 586, Section 3.”
 

 In view of the last sentence in this comment, it probably should bo noted that under the provisions of Sections 1815-9 and 1890-35, General Code, a father may be held liable for the support of an insane child, but only when such child is a resident of this state and is confined to a state institution. The plaintiff is a married adult and meets neither of these requirements inasmuch as she is not a resident of Ohio and is not confined to a state institution.
 

 
 *401
 
 Clearly no legal liability rests upon tbe father for the support of the plaintiff.
 

 Counsel agree that there is no reported decision of this court applying the so-called doctrine of substitution of judgment which is summarized as follows in 25 American Jurisprudence, 52, Section 79:
 

 “The family of an insane person ordinarily is entitled to support and maintenance from his estate. In a proper case, therefore; the court may authorize an allowance from the funds of an incompetent ward for the support and maintenance of the latter’s husband or wife, children, or parents. Also, a court of equity has power out of the surplus income of the estate of an insane person to provide for the support of persons whom the insane person is not under legal obligation to support, where it specifically appears that the insane person himself would have provided for such support had he been sane. The court in making such allowances acts for the insane person as it supposes he himself would have acted if he had been of sound mind, and the amount and proportion of allowances thus made rest entirely within the discretion of the court.”
 

 A study of the pertinent cases discloses that in a few jurisdictions this doctrine has been adopted in the form of statutory enactments, and in others in the form of judicial decisions. Consequently there is considerable variation as to the circumstances and extent to which the doctrine will be applied, if at all. It is agreed that in this state there is no express statutory or constitutional provision authorizing its application. The plaintiff places some reliance upon Section 10507-15, General Code, which provides in part that every guardian shall “manage the estate for the best interest of his ward.” However, that general language falls far short of incorporating a new rule of law such as substitution of judgment.
 

 
 *402
 
 Even the majority opinion of the Court of Appeals contains the following comment as to this doctrine:
 

 “It is a dangerous doctrine for a court to so substitute its judgment. The doctrine too far advanced might lead to gross abuse.
 

 “In Ohio there is no statutory authority for such a proceeding unless it be implied from the very general powers accorded a Probate Court in the direction and control of guardianship matters.
 

 “Because of the facts heretofore detailed, the court would have very little upon which to base its conclusion as to what Coit E. Beilstein might have done had he been competent. As there is no legal liability in the instant case the need for caution is much' greater.
 

 “And that there is not complete unanimity upon the proposition is to be seen from this,
 
 In re Brice’s Guardianship case, supra,
 
 which is so strongly stressed by counsel for appellee, and which is the latest pronouncement upon the subject. The decision in that case was a five-to-four decision, and there was a most vigorous dissent by one of the judges, concurred in by three others, and this is an all-out dissent from the whole proposition advanced.
 

 “The record before us is not clear, but Coit E. Beilstein may conceivably, at the present time have other additional dependents. He might again become sane and not approve at all of this order. Even though under guardianship, he might have sufficient mental capacity to execute - a will, and the will so executed might not be in conformity with this so-called substituted judgment of the Probate Court.”
 

 In the quotation from American Jurisprudence,
 
 supra,
 
 it was stated that “a court of equity has power out of the surplus income of the estate of an insane person to provide for the support of persons whom the insane person is not under legal obligation to support, where it
 
 specifically
 
 appears that the insane person himself
 
 *403
 
 would have provided for such support had he been sane.” (Italics supplied.) A search of the evidence in the instant case discloses nothing whatsoever to indicate what the father would do if sane. The plaintiff testified as' a witness but her father did not. At no place in her testimony did the plaintiff venture an assertion that if her father were sane he would support her. On the contrary, the evidence discloses that the father is not confined to an institution; that according to the plaintiff’s information he is in the city of Cleveland; that the plaintiff has written to him four or five times; and that she has received no response from him.
 

 This court holds that a Court of Probate is without authority to apply the doctrine of substitution of judgment by ordering a trustee or guardian of an insane person to withdraw funds from the ward’s estate for the support of .another where there is no legal liability upon the ward for such support and no evidence that the ward himself, if sane, would furnish such support. The judgment of the Court of Appeals is reversed and final judgment is hereby rendered for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell and* Hart, JJ., concur.
 

 Williams and Turner, JJ., dissent.