### MILLER v. MILLER.

Ohio Appeals, Third District, Henry County.

Decided December 17, 1949.

Otto W. Hess, David Meekison, Napoleon, for plaintiff-appellant.

Corrigan, McMahon & Corrigan and Squire, Sanders & Dempsey, Cleveland, for defendant-appellee.

# 522

## OPINION

Per CURIAM.

This is an appeal from an order of the Common Pleas Court of Henry County, Ohio, overruling the amended verified motion of Otto Miller, Jr., for an order modifying the former order, judgment and decree of the Court of Common Pleas entered on the 5th day of July, 1934, in Journal 32, page 316, of said court, wherein the plaintiff, Otto J. Miller, Jr., was ordered to keep Policies numbered 1426599, 1426560 and 1426561 in full force and effect during the lifetime of said Otto Miller, Jr., by paying the premiums thereon; and the further order of the court entered October 24, 1935, wherein the defendants, Proctor Patterson, Earl P. Disbro, John B. Dempsey and Elizabeth Clark Tyler Miller, as fiduciaries, out of the trust fund designated in said order and decree were directed to pay the quarterly premiums amounting to $485.25 per quarter on said policies; and wherein this plaintiff, Otto Miller, Jr., was ordered to obtain three separate policies upon his life, which were obtained from the Sun Life Assurance Company of Canada, Montreal, Canada, and being numbers 1484551, 1484552 and 1484553 which replaced said policies heretofore set forth, so as to release the said Otto J. Miller from all obligations of paying the premiums on said policies of insurance, and directing the said Earl P. Disbro, John B. Dempsey, The National City Bank of Cleveland, and Elizabeth Clark Tyler Miller and their successors, if any, to refrain from further payment of the premiums accruing on said policies, and ordering that plaintiff may be permitted to cancel said policies and receive the cash surrender value thereof, and for all proper relief.

The minor children of Otto J. Miller, Jr. and Irene Miller are the beneficiaries of the policies of insurance mentioned.

Upon their faces, the orders sought to be nullified appear to have been made by the court of its own volition and not with the consent of or in conformity with an agreement of the parties.

No effort has been made by any of the parties to have the entries of said orders corrected by nunc pro tunc entries to show that such orders were made with the consent of or pursuant to the agreement of the parties.

As that part of the original decree for divorce, which has not been modified, prescribed that "the defendant Irene Miller be and she hereby is awarded alimony for her support and the support of the minor children aforesaid, in the sum of $350.00 a month beginning as of June 1, 1934, until the further order of the court," the orders sought to be modi--

fied can not be construed as being made for the maintenance and support of the children of the parties, the beneficiaries of the policies of insurance, during their minority, and can only be construed as purporting and attempting to create an estate for said minor children extending beyond their minority.

In the case of **Thiessen v. Moore, 105 Oh St 401,** 137 N. E. 906, where the order of the court differed from the orders under consideration in the instant case, in that the wife was decreed the sum of $10 per month for her support and maintenance, and was further decreed a life estate in certain real estate, and no provision other than a provision under consideration by the court was made for the benefit of the children, it was held that an order of the same general character as the orders under consideration in the instant case was beyond the jurisdiction of the court in an action for divorce and was absolutely void, and for that reason subject to collateral attack.

The record does not disclose that the wife objected to the provision for the benefit of the children of the parties, which is the matter under consideration in the instant case. The same situation obtained in the case of Thiessen v. Moore, supra. By express terms the provision could have been made a part of the alimony allowance to the wife, as the wife's interest in the welfare of the children would have constituted sufficient consideration moving to her for the making of the allowance in such a manner. If the provision was not, by express terms, made a part of the alimony allowance, and it was the intention of the court that it should have been, said orders could have been corrected by a nunc pro tunc entry to expressly make the provision as a part of such alimony allowance.

It would further appear that as the orders of the court, in the absence of anything appearing to the contrary, are presumed to have been properly made in the exercise of its jurisdiction, it would be presumed, nothing appearing to the contrary, that the orders in question were made in the exercise of the jurisdiction of the court to allow alimony to the wife notwithstanding it is not expressly so prescribed in the entry of judgment, and that such presumption would be particularly applicable to the instant case, as it appears from the judgment entry that the husband was possessed of ample property at the time the divorce decree was rendered, to warrant such an allowance as alimony in addition to the sum of $350 per month specifically allowed to the wife as alimony for the support of herself and minor children.

Furthermore, it might be considered that Otto J. Miller, Jr.,

by moving to modify the provisions as to insurance, made by the court in its decree of divorce, by substituting other provisions, and procuring the court to make such modification of the original order, had acquiesced in the provisions as modified, and by his acquiescence therein and subsequent acquiescence over a long period of years in the payment of the insurance premiums as prescribed in said orders, without any attempt to secure modification of said provisions until the filing of the motion for modification thereof under consideration, is estopped to deny the validity of said orders.

Notwithstanding these considerations we are constrained to follow and apply the decision of the Supreme Court, in the case of Thiessen v. Moore, supra, holding that provision of a divorce decree of the same general character as those in question in this action is absolutely void by reason of the court being without jurisdiction to make it, and therefore hold the provisions of the divorce decree and modification thereof with reference to such insurance in the instant case absolutely void.

As the provisions are absolutely void, acquiescence of the party sought to be bound thereby in the making of such provisions did not serve to make them effective, and his subsequent acquiescence over a long period of years in the payment of the premiums of insurance as prescribed in said orders without attempting to have said decree modified, does not estop him from now seeking modification of said judgment as prayed for.

For the reasons mentioned, the judgment of the Common Pleas Court overruling said motion for modification is reversed, and this court, rendering the judgment the Common Pleas Court should have rendered, adjudges said provisions void and orders judgment and decree modified accordingly.

MIDDLETON and JACKSON, JJ., concur.

GUERNSEY, Presiding Judge (dissenting).

It is true that the orders sought to be modified, upon their faces appear to have been made by the court of its own volition and not with the consent of or in conformity with an agreement of the parties.

Furthermore, no evidence was introduced upon the hearing of the motion for modification of such orders tending to prove that such orders were made with the consent of or in conformity with an agreement of the parties, and no effort has been made by any of the parties to have said orders

corrected by nunc pro tunc entry to show that they were made with the consent of or pursuant to an agreement of the parties.

As that part of the decree of divorce, which has not been modified, prescribed that "the defendant Irene Miller be and she hereby is awarded alimony for her support and the support of the minor children aforesaid, in the sum of $350.00 a month beginning as of June 1, 1934, until the further order of the court," the orders sought to be modified can not be construed as being made for the maintenance and support of the children of the parties, the beneficiaries of the policies of insurance, during their minority, and can only be construed as purporting to create an estate for said minor children extending beyond their minority.

In the case of **Thiessen v. Moore, 105 Oh St 401,** 137 N. E. 906, 908, where the order of the court differed from the orders under consideration in the instant case in that the wife was adjudged to "have and possess as and for alimony the sum of $400 in money," and was further adjudged the sum of $10 per month for her support and maintenance, and was further adjudged a life estate in certain real estate standing in the name of the husband, and no provision other than the provision under consideration by the court which purported to give the minor children of the parties a remainder in fee in said real estate subject to the life estate given to the wife and a life estate reserved in the husband was made for the benefit of the children, it was held that in a divorce, alimony, custody, support and maintenance proceeding the court is without power to make a decree with reference to the maintenance of minor children beyond the date when such children shall arrive at their majority, and a decree such as that under consideration which purposes and attempts to direct the course of the succession to the title of real estate after the death of the parents is in that respect ultra vires and may be attacked in a collateral proceeding.

It will be particularly noted that in the decree of divorce in the instant case provision is expressly made for the support of both the wife and the minor children, but no provision is made for the wife specifically aparting to her any part of the property possessed by the husband at the time of the divorce decree.

It will also be noted from the decree of divorce in the instant case that the divorce was granted for the aggression of the defendant motioner, and that at the time of the decree he was possessed of an income of the $15,000 per year,

payable quarterly, under and by virtue of a certain trust estate arising from the estate of one Marion C. Tyler, deceased, which was subject to being aparted to plaintiff in said divorce action.

In the case of **State ex rel. Cook v. Cook, 66 Oh St 566**, at pages 572 and 573, 64 N. E. 567, at page 568, 58 L. R. A. 625, the statutes of Ohio relating to the allowance of alimony, which were then in practically the same form as they were at the time of the entry of the divorce decree in the instant case, and as they are at the present time, were under consideration, and as to the liability of the husband thereunder, the court held: "The liability originates in the wrongful act of the husband, against the consequences of which the public as well as the wife has the right to be protected. Beyond this the provision for alimony is an allowance. It is in the nature of a partition. Recognizing the right of the wife to participate in the accumulations which are presumably the result of their joint efforts and joint economies, and having in mind at the same time any property which may have come to the husband by the marriage, the law wisely awards the wife a just and equitable proportion of the whole, and for purposes of convenient execution, and to meet all varying situations, this allowance may be made either in real or personal property, or both, or in money, payable in gross or in installments, as to the court may seem reasonable. The court does not decree alimony as a debt to the wife, or as damages to be paid to her by her late husband, but as a part of the estate standing in his name in which she has a right to share, fixed by the court in its discretion, and thus appropriated to her, and to which she thereupon becomes legally entitled."

In the case of Thiessen v. Moore, supra, by reason of the fact that a portion of the estate of which the husband was possessed was specifically aparted to the wife in addition to an allowance for her support, and no provision other than the provision mentioned in the decision of the case, was made for the benefit of the minor children of the parties, a presumption arose that such provision was solely for the maintenance of the minor children. As such provision extended beyond the date that said children would arrive at their majority it was held to be void.

No such presumption arises in the instant case, as a specific provision is made for the support of the wife and the minor children of the parties, but no provision is specifically made for the wife, aparting to her any part of the property possessed by the husband; and, nothing appearing to the

contrary, the presumption that arises is that the court, acting within the scope of its own jurisdiction and power, made the orders as to insurance in question in aparting to the wife her share of the property possessed by the husband at the time of the decree.

The wife's natural interest in the welfare of her children and her possible future dependence upon the children for her support and maintenance constituted a consideration moving to her for aparting the estate of which her husband was possessed, in the manner mentioned, and she, not the husband, was the only one who was concerned by the manner in which it was done.

The wife acquiesced in said orders by not appealing from the decrees in which said orders were incorporated, and while the husband's acquiescence was not essential to the validity of said orders, he acquiesced by not appealing from the original decree of divorce and by moving for the modification of said orders and procuring the court to modify the same, as shown by journal entry in Journal 33, page 101, filed October 24, 1935.

For the reasons mentioned, the orders sought to be modified are valid and subsisting orders not subject to modification, and the judgment of the Common Pleas Court overruling said motion to modify should be affirmed.