THE STATE OF OHIO, APPELLANT, *v.* SMITH, ADMX.,
APPELLEE.

(No. 4380—Decided February 9, 1950.)

*Mr. Herbert S. Duffy,* attorney general, *Mr. James
B. Yaw* and *Mr. Charles T. Kaps,* for appellant.

*Messrs. Dargusch, Caren, Greek & King, Mr. John
P. McMahon* and *Mr. Robert L. Hausser,* for appellee.

MILLER, P. J.  This is an appeal on questions of law
from the judgment of the Court of Common Pleas sustaining the demurrer to the petition in which the
state of Ohio seeks to recover the costs of maintaining
one Carol Wood in a state institution.  The action is
brought against the estate of Thomas Ellsworth Dickson, the father of Carol Wood.

The petition discloses that Carol Wood is 30 years
of age, a married woman during the entire period of
time for which recovery is sought, being the wife of
Dayton Wood and also the mother of three children.
The action seeks to predicate the liability of the de-

fendant on the provisions of Section 1815-9, General Code, which provides:

"It is the intent of this act that a husband may be held liable for the support of a wife while an inmate of any of said institutions, a wife for a husband, a father or mother for a son or daughter, and a son or daughter, or both, for a father or mother."

It must be conceded that this enactment is indefinite and uncertain as to who is responsible for the maintenance of a married woman having both a husband and a father still living. If it was intended that both be responsible it would seem that the act would have so indicated as was clearly done in the case of a son or daughter having a parent in a state institution, the act providing, "* * * and a son or daughter, or both, for a father or mother." We must therefore proceed on the theory that liability attaches only to the husband or father but not to both. Since the statute operates to create a liability it must be strictly construed in favor of the one sought to be subjected to its terms. *Division of Aid* v. *Hogan, Admr.*, 143 Ohio St., 186, 191, 54 N. E. (2d), 781; 59 Corpus Juris, 1129, Section 668. The enactment offers no suggestion that the Legislature intended to create a new or different liability for the support of an insane person from that of one not so afflicted. Clearly under Section 7997, General Code, the husband, and not the father, is responsible for the support of the wife. In the case of *In re Beilstein*, 145 Ohio St., 397, 62 N. E. (2d), 205, the court, at page 400, made a statement which seems to be somewhat enlightening upon the question here presented:

"Applying the doctrine of *expressio unius est exclusio alterius* there is no legal liability on the part of a father to support and maintain an adult child. *Thiessen* v. *Moore*, 105 Ohio St., 401, 421, 422, 137 N. E., 906;

30 Ohio Jurisprudence, 604, Section 52; 20 Ruling Case Law, 586, Section 3. The precise limit of time during which a father is liable for his child's maintenance is fixed by law, and it cannot, in any case, be either enlarged or diminished except by legislative action.

"In some jurisdictions, this rule has been relaxed where a child is of weak body or mind, unable to care for himself after becoming of age, and remains unmarried and living in the father's home. 20 Ruling Case Law, 586, Section 3."

That case is decisive of the question of the power of the Legislature to fix the liability for the support of Carol Wood on both the husband and the father, but our question is whether it has done so. A familiar principle of statutory construction is that statutes should, if possible, be construed so as not to conflict with the settled and established policies of the state. 37 Ohio Jurisprudence, 679, Section 372. The policy of this state is clearly defined by Sections 7997, 8003 and 8023, General Code. Our interpretation of Section 1815-9, General Code, is that the person who was legally responsible for the support of an incompetent at the time he or she was placed in a state institution, so long as that relationship exists, may be held responsible for the support of the incompetent while so confined. Since Thomas Ellsworth Dickson was not responsible for the support of his emancipated adult married daughter when she was placed in the state institution, he cannot be held liable by the state for her support.

We find no error in the record and the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and WISEMAN, JJ., concur.