ROBROCK, APPELLEE, *v.* ROBROCK, APPELLANT.*

(No. 4630—Decided December 19, 1956.)

*Mr. George J. McMonagle,* for appellee.
*Mr. Stephen J. Knerly,* for appellant.

DOYLE, J. The parties to this suit were divorced by the Court of Common Pleas of Summit County, and the journal entry was entered of record on the 17th day of November, 1952.

The wife, Helen Rita Robrock, was granted a divorce from the husband, Richard B. Robrock. In the divorce decree there

---

*Judgment affirmed in part and reversed in part, 167 Ohio St., 479.

was incorporated an agreement of the parties relative to "alimony, support, property rights, custody and support of minor children."

Almost three years later, on November 2, 1955, the wife filed charges of contempt of court against her former husband, alleging a refusal by him to obey parts of the court's order which had been incorporated in the divorce decree pursuant to the agreement of the parties in open court.

On November 23, 1955, there was filed by the husband a motion to modify and delete parts of the original decree. The judgment of the court in refusing to delete and modify, and the court's finding of contempt, is the order from which the present appeal is taken.

It appears that the parties, at the time of the hearing of the divorce action, were in complete agreement with respect to alimony, support, custody of children, and "property rights."

The journal entry of the court speaks as follows:

"The court coming now to the question of alimony, support, property rights, custody and support of minor children, finds that the parties hereto with their counsel present, and in the presence of the court, just prior to the hearing of this cause, reached an amicable agreement fully compromising, settling and adjusting all issues herein relating to alimony, support and property rights, custody and support of minor children, upon the following terms and conditions * * *."

The journal entry continued by stating the "terms and conditions" relative to the award of many items of personal property, including money, as well as a valuable home in the village of Lyndhurst, the care and custody of the two children, and the award of a specific amount of money as alimony to the wife.

The following quoted parts of the judgment entry are those to which the motion to delete or modify was directed:

1. "It is further ordered and decreed that said defendant will pay to the plaintiff as and for support of the minor children of the parties hereto (not as alimony), the sum of one hundred and fifty dollars ($150.00) a month for each child until further order of this court; provided that, if before the attainment of majority of either of the children, he or she dies, becomes self-

supporting, married or is otherwise emancipated, then the provision for support herein ordered shall cease for said child."

2. "Coming now to the question of insurance, it appears to the court that the defendant has life insurance and annuities on his life to the extent of forty thousand dollars ($40,000.00), and it is hereby ordered and decreed that the two children of the parties equally, share and share alike, shall be irrevocably named as beneficiaries of the twenty-five thousand dollars ($25,000.00) of said insurance carried by Aetna Life Insurance Co.; that is to say, that each child shall be made irrevocable beneficiary to the extent of twelve thousand five hundred dollars ($12,500.00); provided further that, in case of the death of either of said children before said defendant, then and in that event the surviving child shall be irrevocably named the beneficiary of the entire twenty-five thousand dollars ($25,-000.00); and provided further, that the remaining fifteen thousand dollars ($15,000.00) of said insurance may be treated as the defendant desires, and he has the right to cash in or cancel said insurance or to change the beneficiary whenever he may desire. Defendant shall furnish plaintiff with evidence of the irrevocable designation of said children as beneficiaries in said policies; and the premiums upon said life insurance, so long as defendant shall be financially able, shall be paid by defendant when and as the same become due with defendant furnishing to such children a duplicate receipt as evidence of such payments of premium; but if defendant becomes financially unable to pay said premiums, the said children or either of them shall have the right and option to pay said premiums or any part thereof or to take paid-up policies or cash, in accordance with the provisions of such policies."

N. B. The insurance policies referred to in the above paragraph are a part of the bill of exceptions. The parties, subsequent to the entering of the decree, ascertained that "irrevocable beneficiary" could not be had in policies of this kind. Amendment was made per agreement to the effect that the children were to be "life owners" thereof, and that the husband was to become "life owner" thereof after the death of both children. The policies will mature in the year 1967. The children are now approximately 18 and 13 years of age, respectively.

3. "Coming now to the question of future education of the minor children of the parties hereto, defendant will pay all necessary tuition for the continuation of the education of each child in a parochial school to be determined by the parties hereto, and if it is the desire of the children or either of them, he shall pay for a college education for the children or either of them in a college or university chosen by the agreement between said children, plaintiff and the defendant herein; provided further, that if there is a conflict, the matter may be returned to this court for further consideration; all of this provision being contingent upon the ability of defendant to finance said college educations.

"The evidence shows that approximately ninety-five hundred dollars ($9,500) is in the form of two bank accounts referred to by the parties as the children's 'College Fund,' said accounts being as follows:

"Women's Federal Savings and Loan Association of Cleveland, No. 5934, in the name of Karleen Robrock.

"Women's Federal Savings and Loan Association of Cleveland, No. 5935, in the name of Richard B. Robrock, II.

"It is hereby ordered and decreed that each account will remain for the respective child in whose name the account stands, as a security fund for their college education and not to be used if the defendant is able to provide for such college education out of his private funds. Such fund shall be available for said purpose in the event defendant is not able financially to finance said college educations; provided further, that in any event the respective accounts shall be the sole property of the respective child in whose name said account stands, and at no time will either of the parties hereto have any right to any part of said accounts."

In respect to the above order No. 1, relating to the support of the children, the motion of the appellant (the former husband) sought a deletion of the entire paragraph, and the substitution of an order requiring the movant to pay "to the plaintiff as and for support of the minor children * * * the sum of one hundred fifty dollars ($150) a month for each child until such child attains the age of eighteen years."

Under the laws of this state, a parent is required to sup-

port his minor child or children until such child has or children have reached the age of twenty-one years, respectively, unless such parent has been lawfully excused: either by the emancipation of the child, or otherwise.

In the above motion, the appellant did not ask to be permitted to pay a lesser amount than the amount originally ordered, but asked only that he be relieved of payment beyond the age of eighteen.

While the court possessed the power to reduce the payments, if the character and circumstances of the case, or of the parties, required it (*Seitz* v. *Seitz*, 156 Ohio St., 516, 103 N. E. [2d], 741), it had no power to relieve him of the obligation to support the children to the age of twenty-one, unless circumstances not shown to exist in the record before us existed. The limit of time during which a father is liable for his child's maintenance is fixed by statute, and it cannot be enlarged or diminished except by the Legislature. *Thiessen* v. *Moore*, 105 Ohio St., 401, 137 N. E., 906; *In re Beilstein*, 145 Ohio St., 397, 62 N. E. (2d), 205, 160 A. L. R., 1430.

We find no error in the court's refusal to grant this part of the appellant's motion.

The motion of the appellant further prays for deletion "in its entirety" of the paragraph relating to life insurance. It is set forth above as No. 2. Attention is now directed to it.

In *Miller* v. *Miller*, 154 Ohio St., 530, 97 N. E. (2d), 213, appears the following paragraph of the syllabus:

"4. Where in an action for divorce, alimony and support of minor children, a court enters a decree awarding the wife a divorce and the sum of $350 per month for alimony and support of the minor children, the court is without authority, in the absence of contract, to order the husband to keep in force beyond the minority of such children insurance policies on his life with the children as beneficiaries."

In the above case, the writer of the opinion commented (at pp. 535-536):

"* * * Since a diligent search of the record fails to disclose a scintilla of evidence that the policies in the present case were taken out as the result of an agreement between plaintiff and defendant, or as a result of a contractual obligation with

anyone, or for any reason other than is natural where a father takes out insurance policies on his life for the benefit of his children, and since no move has been made to in any way modify the award for alimony and children's support heretofore made, the sole question before us is whether the court had any power or authority to order plaintiff to keep the insurance policies alive in favor of his children after the latter had attained their majority.''

Paragraph three of the syllabus of the above-cited case states:

''3. The parties to an action cannot by agreement clothe a court with jurisdiction of subject matter which it does not have.''

From the facts of *Miller* v. *Miller, supra,* and the statements in the opinion, can we assume that, had the parties agreed that the insurance be maintained by the father, and the agreement incorporated in the decree, the Supreme Court would have ruled differently?

What is meant by the phrase ''in the absence of contract,'' which is incorporated in the fourth paragraph of the syllabus, *supra*?

The facts are, of course, that there was no contract in the *Miller case*, and therefore the question of contract or agreement of the parties was not actually before the court.

It is axiomatic that parties in litigation cannot by agreement clothe a court with jurisdiction. In one of Ohio's leading cases, *Sheldon's Lessee* v. *Newton*, 3 Ohio St., 494, at p. 499, Judge Ranney spoke of jurisdiction as follows:

''* * * The power to hear and determine a cause is jurisdiction; and it is *coram judice* whenever a case is presented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be changed or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal, to answer the charge therein contained. When these appear, the jurisdiction has attached; the right to hear and determine is perfect; and the decision of every question thereafter arising is but the

exercise of the jurisdiction thus conferred; and whether determined rightfully or wrongfully, correctly or erroneously, is alike immaterial to the validity, force, and effect of the final judgment, when brought collaterally in question."

In the case under consideration, as in the *Miller case, supra*, the court had jurisdiction to entertain the action of divorce, alimony, custody and support, and all of the parties were properly before the respective courts. Jurisdiction in this sense was not acquired by party agreement or consent, and of course the court's rulings on the questions presented in this exercise of jurisdiction is not subject to collateral attack even though erroneous. However, the phrase "excess of jurisdiction" has a definite legal meaning, and may be said to apply to the judgments of a court which exceed the court's power. It is distinguished from an entire absence of jurisdiction, and means that, although the court had jurisdiction of the subject matter generally, it acted beyond its defined power or authority in ruling on a question with which it did not have power to deal.

Error in a court's ruling is not synonymous with a ruling in excess of jurisdiction.

It will be observed that the action of the court in the matter of insurance in the *Miller case, supra*, was in excess of its jurisdiction, and accordingly found to be wrongful.

As stated above, litigants cannot clothe a court with jurisdiction.

Does this mean general jurisdiction of the subject matter only, or does it apply as well to an excess of authority and power after general jurisdiction has been obtained? If it applies to the latter, then, in the case before us, the order requiring the maintenance of the insurance was improperly and wrongfully made, even though consented to and agreed to by the parties.

In 49 Corpus Juris Secundum, Judgments, Section 174*a*, appears the following text with supporting authorities:

"Within limitations imposed by positive requirements of law, any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it is the duty of the court to permit such disposition and to enter judgment accordingly, which judgment will be given effect between the parties and their privies. * * *"

The case of *Rosebrough* v. *Ansley,* 35 Ohio St., 107, is cited in connection with the first two lines of text following the words "positive requirements of law." In this case, the Supreme Court observed (at p. 111):

"* * * We are aware of the general rule that a reviewing court will not reverse a judgment at the instance of a party who consented thereto, but think the record before us discloses a state of facts which form a proper exception to the rule. Whether the parties to a judgment consent or dissent, the judgment must nevertheless be regarded as the act and decision of the court, and, if the court be without authority in the premises, its judgment can not be sustained on the ground that *consensus tollit errorem.*"

In *Rosebrough* v. *Ansley, supra,* the court determined that the trial court acted beyond its authority in the premises, thereby acting without authority, and in doing so committed an act which could not be sustained even though consented to; not because of an error in its judgment, but because it acted beyond its authority.

See opinion of this court in the Summit County case of *First Natl. Bank of Akron* v. *Greene,* 101 Ohio App., 267.

In the instant case, the court ordered the husband to continue the insurance then in force, which obviously required him to pay the premiums either until his death, or to a period far beyond the dates upon which the children-beneficiaries would reach the age of majority.

The purpose of the statutes regulating support of minor children in divorce actions is to continue in effect, after divorce, the legal obligation of support which the father owes to his children from their birth to their majorities when the marriage continues throughout that period. This is usually accomplished by an order to pay sums of money to defray the expenses of normal living. In no way does the order directed to insurance here under consideration provide for supplying food, clothing, housing, or any other necessity. In fact, nothing can be derived from the order until either the death of the father, which may not occur until long after the minors have attained their majorities and the obligation to support has ended, or until the policies are "paid up," at which time the children

will have long since reached the age of majority. There is no obligation upon a parent to create an estate for his children, although it may be a desirable thing to do, in the same way as any other type of savings to insure future security is commendable. There is, however, no law in this state to compel it.

It follows, we believe, that the portion of the decree (No. 2, above) which provides for the maintaining of the life insurance, was in excess of the power of the court, even though the parties consented.

Whether an agreement for insurance for the benefit of children made in open court in a divorce action, would or could constitute the basis for an action in damages for breach of contract if various legal principles are surmounted, is not here presented, and therefore not decided. But such an agreement cannot be enforced by an order in contempt in an action for divorce, alimony and support, under the statutes of this state.

In deciding the question now under discussion, as has been indicated above, we do so with full knowledge of the recent amendment of the statutes regulating divorce, alimony and support. This amendment, Section 3105.20, Revised Code, is in part as follows:

"In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction."

We do not believe that this language was meant to permit a court to impose a greater obligation on a parent for the support of his children than the law requires. It means, we think, that, when following the law, a court may apply equitable principles.

We find error in the court's refusal to delete this part of its order.

Turning now to the third part of the motion, we find it was directed to the so-called "education order" of the court, set forth above and designated as No. 3.

The motion asked the court to delete "from the first paragraph * * * the words commencing with 'and if it is the desire of the children' and continuing to the end of that paragraph, ending with the words 'to finance said college educations.' "

It thus appears that the appellant, while accepting the part

of the order directing him to pay all necessary tuition for each child in a parochial school, objected to and asked to have deleted from the order the requirement to pay for a college education for each of the children.

Here, again, is encountered an agreement of the parties which was made a part of the order of the court. While the law requires a parent to afford his minor children the opportunities of an education, it has been held that this requirement does not include a college education. *Wynn* v. *Wynn*, 6 Ohio Law Abs., 450.

However, as distinguished from an order directed to a parent requiring him to create an estate for his children through the maintenance of life insurance beyond the age of the minority of the children, an order to finance a college education, at least during the years of minority, does fall within the general scope and object of the suit—divorce, alimony, and education and support of minor children; whereas an order to maintain life insurance not coupled with support is without the scope of the suit and disposes of a subject matter not included in the action.

While no court, however great may be its dignity, can arrogate to itself the power to determine *a subject which is without the forms of law and outside of its authority,* even by consent, a court may, while dealing with a *subject matter properly before it* (education of minor children), make an order with the consent of the parties which goes beyond the minimum requirement of the law.

In the case before us, the subject of life insurance was not within the power of the court to adjudicate, while the subject of education was properly before the court. The children were, at the time of the hearing, and are now, within the age of minority.

It is the view of this court that this part of the motion was properly overruled by the trial court.

Continuing with the motion directed to the education order, it was further moved there be deleted from the paragraph "that portion thereof beginning with the words 'and not to be used if the defendant' and ending with the words 'in any event the respective accounts' and inserting in place thereof the word 'and.' "

While adhering to our ruling on the first part of the motion directed to the order for education, we are of the opinion that the second part of the motion above noted should have been sustained, and that the court erred in its ruling.

The so-called children's "college fund," approximating a total of $9,500, is shown to be the property of the children, and, as such, cannot be made the subject matter of a contract between the parties (the father and mother), nor be the subject matter of an order of the court.

We turn now to the claimed error of the court in ordering "that the defendant-husband pay to the plaintiff-wife the sum of $204.48 for Karleen's college educational expenses for the first semester of the school year of 1955-1956; that payment of said sum within (90) ninety days of January 8, 1956, shall purge the defendant-husband of contempt of court for failure of having heretofore paid said sum."

It is recognized generally that a court cannot punish, as contempt, violations of orders which extend beyond its powers, authority, or jurisdiction.

We have heretofore said that a parent is not required to furnish a college education to his children. He may, however, by agreement, have incorporated, in an order of the court, a requirement to afford, during minority, the opportunity of such an education, and, as a part thereof, stipulate certain conditions. Such an order may be made, as stated above, because it falls within the general scope and object of the suit—divorce and alimony, and education and support of the minor children of the litigating parents.

The record before us discloses, however, that, although the agreement and order of the court specifically provided that "he shall pay for a college education * * * in a college or university chosen by the agreement between said children, plaintiff and the defendant," and that, "if there is a conflict, the matter may be returned to this court for further consideration," no agreement was ever made to send the daughter, Karleen, to the college of her selection, nor was the matter ever taken to court because of a "conflict" over the question.

It thus appears that, although the court had before it sufficient evidence to conclude that the father was able to finance

a college education, nevertheless, the other conditions of the agreement and order, which we hold to be vital, were not met. Under such circumstances, the court erred in its ruling on the question of contempt.

*Judgment affirmed in part and reversed in part.*

HUNSICKER, Acting P. J., and SKEEL, J., concur.

SKEEL, J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.