Bell, J.
Of primary importance in the consideration of the questions raised by this appeal are three sections of the Code of Ohio.
Section 3105.21, Revised Code (Section 8003-22, G-eneral Code), in the chapter titled “Divorce and Alimony,” reads in part as follows:
“Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care and maintenance of the children of the marriage, as is just * *
*483 Section 3105.20, Revised Code (Section 8003-21, General Code), in the same chapter, reads in part:
“In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.”
And, Section 3109.05, Revised Code (Section 8005-5, General Code), in the chapter titled “Infants,” reads in part:
“The court may order either or both parents to support or help support their children * *
The order for the payment of the $150 per month for the support and maintenance of each of the children until he or she arrives at the age of 21 was authorized under these statutes.
We are also of the opinion that the Court of Common Pleas in the exercise of its statutory powers, including equity jurisdiction, was empowered to order in the judgment of divorce that the defendant provide schooling and a college education for his children. Although defendant testified in the hearing on the charges in contempt and for the modification of the divorce decree that he was not financially able to pay for his daughter’s education, the referee, the Court of Common Pleas and the Court of Appeals all found that the defendant had the financial ability to meet the obligations imposed upon him by the decree.
We, therefore, affirm those portions of the judgment of the Court of Appeals dealing with support payments and education.
Neither can we find substantial fault with the Court of Appeals action concerning the accounts in the federal savings and loan association which are carried in the names of the children, and we, therefore, also affirm that portion of the judgment. Those accounts belong to the children, and they were hardly a proper subject for inclusion in the judgment of divorce, since, in our opinion, the words referring to each of such funds as “a security fund” are mere surplusage.
The real controversy herein centers on the questions whether a court may incorporate in a decree an agreement on the part of a father to continue life insurance policies, in which his children are irrevocably named as beneficiaries, beyond the minority of such children, and, incidentally, whether he can be required to continue paying for a college education beyond such *484 minority, and whether the court may enforce a violation thereof by a contempt proceeding.
It has frequently been held that a court is without power to impose a duty of support and maintenance beyond the age of 21. Thiessen v. Moore, 105 Ohio St., 401, 137 N. E., 906; Becker v. Industrial Commission, 137 Ohio St., 139, 28 N. E. (2d), 361; In re Beilstein, 145 Ohio St., 397, 62 N. E. (2d), 205, 160 A. L. R., 1430; Miller v. Miller, 154 Ohio St., 530, 97 N. E. (2d), 213.
Although the Miller case, supra, holds that a court has no authority to order a husband divorced by his wife to keep insurance policies on his life, with their children as beneficiaries, in force beyond the minority of the children, Judge Stewart, in his opinion in that case, clearly indicated the situation wherein such an order may be effected, when he said:
“It follows that the Common Pleas Court was without power or authority to make the decree with reference to the life insurance policies being extended beyond the time of the coming of age of the children of plaintiff and defendant upon any basis of furnishing support to such children beyond such time.
“Is there any other basis upon which the decree can be sustained with reference to the insurance policies?
“As we have said, there is not a scintilla of evidence that the policies were taken out by plaintiff as the result of any agreement or arrangement between plaintiff and defendant or between plaintiff and the court. There can be circumstances as the result of contract or equitable considerations whereby an insured might be prevented from changing the beneficiaries in an insurance policy or from cancelling the policy, but there are no such circumstances in the present case.” (Emphasis added.)
In 17A, American Jurisprudence, 93, Section 906, it is said:
“A divorce court, being bound to abide by a valid separation agreement or property settlement, or, if not so bound, desiring to give effect to the agreement, has the power to incorporate it in the divorce decree or base the decree on its provisions, even though the court would not have the power to make the decree that results from the incorporation of the agreement or the application of its provisions in the absence of an agreement of the parties.”
*485 It is not necessary, however, to go outside Ohio for authority that a court, by incorporating in a decree an agreement of parties, may exercise power beyond that which it could exercise in the absence of agreement.
The case of Julier v. Julier, 62 Ohio St., 90, 56 N. E., 661, 78 Am. St. Rep., 697, involved an attempt by the plaintiff to have assigned to her a dower interest in her deceased former husband’s estate. At the time when she and her husband were divorced, Section 5699, Revised Statutes, provided that, when a divorce is granted for the husband’s aggression, the wife, if she survives, “shall be entitled to dower in the real estate of the husband not allowed her as alimony, of which he was seized at any time during the coverture, and to which she had not relinquished the right of dower.”
Judge Williams, in that case which held that, although the court in the divorce case did not have the power to divest plaintiff of her dower right, when her agreement to accept money in lieu of dower was incorporated in the decree, such agreement became binding upon the plaintiff and enforcible by the court, said:
“The jurisdiction of the court in that case to render that part of the decree which relates to the release by the plaintiff therein of her right of dower, is contested here on the ground that the plaintiff’s dower right was not a subject matter before the court for adjudication; and, that it was not as a separate and independent subject of adjudication, may be conceded. But under a prayer for general relief in an action for divorce, properly instituted, it is within the jurisdiction of the court to settle and adjust by its judgment, the rights of the parties with respect to the amount and nature of the alimony that shall be awarded the wife, and the terms and conditions of its payment; and, it appears to be well settled that in awarding the alimony, the court may, in its discretion, and generally will, confirm and carry into effect by its decree, any agreement which the parties have entered into concerning the same, that the court deems just and reasonable * * *.
“The parties in the case before us were competent under the statute to contract with each other, and there is no reason why, in agreeing upon the amount that should be paid the wife *486 in money, they might not stipulate for the release of the interest of either in the property of the other. The decree itslf is conclusive evidence that the court was satisfied the agreement on which it was rendered was reasonable and just in all of its provisions as carried into the decree, all of which, in our opinion, it was within the jurisdiction of the court to confirm and enforce by its judgment.”
It should be noted that Section 3105.20, Revised Code, provides that, in any matter concerning domestic relations, the court has full equity powers and jurisdiction.
This court has recently recognized this full equity power in a series of cases dealing with alimony. Clark v. Clark, 165 Ohio St., 457, 136 N. E. (2d), 52; Gage v. Gage, 165 Ohio St., 462, 136 N. E. (2d), 56; DeMilo v. Watson, Exr., 166 Ohio St., 433, 143 N. E. (2d), 707.
It certainly must be conceded that the obligation of a husband to support and maintain a divorced wife by way of alimony does not extend beyond his lifetime, and that a court would be powerless to impose such an obligation. Snouffer v. Snouffer, 132 Ohio St., 617, 9 N. E. (2d), 621.
Yet this court has recognized that, although a court has no authority to impose such obligation, when it incorporates in its decree an agreement therefor, such decree is an enforcible one. Thus, in Hassaurek v. Markbreit, Admr., 68 Ohio St., 554, 67 N. E., 1066, it was held:
“When upon the trial of a suit for divorce the court finds from the evidence that the wife has been wilfully absent for more than three years and that the husband is entitled to a decree upon that ground, the court has jurisdiction under Section 5700, Revised Statutes, to adjudge to her such share of the husband’s property as it deems just and reasonable, and if the parties thereupon agree that such division shall be made by adjudging that he shall pay to her a sum named every month during her life and such agreement is carried into the decree, there is imposed upon him, and upon his estate in case of his death before hers, a valid obligation according to the terms of the decree.”
See, also, Dickey v. Dickey, 154 Md., 675, 141 A., 387, 58 A. L. R., 634, where it was held that, although the court has *487 no jurisdiction to compel a husband to pay alimony after his death, an agreement between husband and wife for weekly payments to extend beyond the husband’s death may be incorporated in a decree of divorce and cannot subsequently be changed by the court.
The same result, without an agreement, was recognized in the DeMilo case.
It is entirely possible, perhaps probable, that a wife may be willing to give up, by way of agreement with her husband, much to which she would be entitled in consideration of the husband doing more than he might be required to do for their children. To disregard such agreements when incorporated in a divorce decree, at least so far as the power of the court to enforce them is concerned, would discourage the settlement of differences between husband and wife or reduce such agreements, when made, to cloaks to be put on or shed at will.
A trial court, even though satisfied in every respect as to the fairness of an agreement, in considering the incorporation of that agreement in a divorce decree, should not be required to separate items in the agreement that the court has the present power to enforce from those it does not have the power to enforce and include in the decree only the former. Nor should such court be required to find itself in the position of saying to a wife, “Now, of course, the obligations you assume, being such as I have the power to impose, will be enforced against you, but this court will not be able to enforce the obligations your husband is here assuming because I do not have the power to impose them.”
Not infrequently, litigants in a divorce action, as an inducement to the settlement of marital difficulties, are willing to assume obligations which, in the cold economics of a subsequent marriage and second family, become burdensome. This court has heretofore recognized that, when a trial court adopts as a part of its decree the contract of the parties providing for alimony to the wife or the contract of the parents of minor children providing for the support of such minor children, the obligor of such contract cannot escape such obligation as a minimum requirement under the law, and that the obligee and the minor children are entitled to the full performance of such *488 provision. Law v. Law, 64 Ohio St., 369, 60 N. E., 560; Tullis v. Tullis, 138 Ohio St., 187, 34 N. E. (2d), 212.
In the latter case, Judge Hart, in the majority opinion, said:
“The fact that the parent agreeing to make payments for the support of his minor child, finds such payments onerous and difficult to make because of changed circumstances, does not give him a legal right to repudiate the contract upon any claim that it is void, illegal or opposed to public policy. Especially is this true, when, as before stated, he has received full and adequate consideration for his promise, which consideration he still retains and enjoys.”
We are of the opinion that such agreements should not be impaired for the reason that the court, if acting without such agreement, would not have the authority to impose such an obligation.
In Holloway v. Holloway, 130 Ohio St., 214, 198 N. E., 579, 154 A. L. R., 439, this court unanimously held that, where an agreement is incorporated in a decree, the agreement is superseded by the decree, and the obligations imposed are not those imposed by contract but are those imposed by decree and are enforcible as such.
Although that case involved a question of alimony, the following words of Judge Day seem equally appropriate to a question involving an agreement relating to minor children:
“The problem here presented is not the enforcement of an agreement by contempt proceedings, but rather the enforcement by contempt proceedings of a decree which has incorporated therein an agreement to pay alimony. The distinction is important. A decree is valid as such regardless upon what it may be grounded. There is nothing in the law to render a decree invalid or ineffectual merely because it is predicated upon an agreement of separation, which agreement is incorporated bodily in the decree. A decree which incorporates an agreement is a decree of court nevertheless, and as soon as incorporated into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforcible as such.
*489 “A decree granting divorce and awarding alimony is an order of court in the enforcement of which the public has a vital interest. An alimony obligor is not exempt from the operation of the decree by reason of the separation agreement. To hold otherwise would be to reduce the status of a divorce and alimony decree to that of a commercial transaction. Marriage, however, is not a matter of commerce, nor is it merely a contract between the parties. Marriage is a basic social institution of the highest type and importance, in which society at large has a vital interest.
“Where a court, in its divorce decree, adopts the language of a separation agreement, it does not thereby reduce the status of the decree to that of a'mere contract. While a contract may become a decree of court, a decree of court can not assume the status of a mere contract. The right to alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support his wife. It is the law rather than contract which imposes this obligation upon the husband.”
Therefore, that portion of the judgment of the Court of Appeals, which reverses the judgment of the Court of Common Pleas so far as the insurance feature is concerned, is reversed, and the judgment of the trial court is affirmed accordingly.
These questions concerning insurance and education arose as a result of the defendant’s motion to modify the decree and not as a result of the contempt citation. As we have said, the trial court was correct in not modifying the decree in these respects. Inasmuch, however, as there has been no refusal to pay for the expenses of education beyond the minority of the children or no attempt to cancel the insurance policies or change the beneficiaries therein, the question of whether such refusal or attempt would be a contempt is not presently before us.
We also disagree with the Court of Appeals’ decision that defendant’s failure to pay his daughter’s tuition and other expenses at Ursuline College for Women was not a basis for the charges in contempt. That college is a long established and recognized institution of higher education. Both plaintiff and the daughter selected it and the daughter won a half scholar *490 ship by reason of the high grade she made in a competitive examination. Defendant knew the daughter was pursuing studies there and registered no serious objection to her attendance.
That portion of the judgment of the Court of Appeals holding that defendant’s failure to pay his daughter’s tuition was not a basis for the charges in contempt is also reversed, and the judgment of the trial court is affirmed accordingly.
In all other respects, the judgment of the Court of Appeals is affirmed.

Judgment affirmed in part and reversed in part.

Weygandt, C. J., Taet and Herbert, JJ., concur.
Zimmerman, Stewart and Matthias, JJ., concur in paragraphs one and two of the syllabus but dissent from paragraphs three, four and five thereof and from part of the judgment.